The U.S. District Court,

915 Lafayette Blvd,

Bridgeport, CT 06604

DATE: 10TH Oct, 2003

Doc. #: 3:02-CV-01615

BEN. GYASU Vs HARTFORD INS. Co. of Illinois And

David Dija D/B/A CRC Services.

MOTION FOR EXTENSION OF TIME

The Courts ruling dated the 19th Sept., 2003,

granting the defendants Motion to Dismiss

and denying all the plaintiff's motions was

mailed to plaintiff five (5) days later on the

24th Sept., 2003 as it would be discovered from

the date stamp of the back of the envelope

Page 2

that contained the notice of the decision, a copy of the date stamp at the back of the envelope is enclosed for any reference that might be needed.

Judgement was entered on the 25th Sept, 2003, in less than twenty-four (24) hours after the notice of the decision was put in the mail for plaintiff and therefore while the notice of the decision was enroute to plaintiff and so plaintiff was yet to receive the notice of the decision, let alone respond to it, judgement was entered on the very decision, depriving the plaintiff the Due Process of Notice as set forth by the U.S. Supreme Court in Mullane Vs Central Hanover Bank and Trust Co., 339 U.S. 306, 70 S. Ct.

Page 3

632, 94 L. Ed 865 (1950)

The U.S. Supreme Court declared:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections.

The notice must be of such nature as reasonably to convey the required information . . . . . . and it must afford a reasonable time for those interested to make their appearance" Id. at 314, 70 S Ct at 657. Please, see also IN RE CENTRE WHOLESALE, INc. 759 F. 2d

Page 4

1440 (1985) at 1448.

As urgent, crucial and critical the decision was to plaintiff, the plaintiff was not even given a chance to receive the notice of the decision let alone to respond to before the judgement was entered and the case closed

It is absolutely critical and urgent that the Court reviews and re-considers its decision to, at least, correct its findings to put a stop to the cycle of grevious error-neous rulings whose effect has been perpetua-ting the unending manifest injustices which the pro se plaintiff has been doing whatever he could to change but without any success except ones sanction after the other which have made the plaintiff appear a nuisance who should be

Page 5

barred an access to the Courts, causing him the

on-going problems of manifest injustices as

a result of seeking the Courts for justice,

pro se, without any legal expertise nor funds

for even his basic subsistence let alone funds

to hire an attorney

The plaintiff therefore finds it

absolutely imperative to file not only a

motion for review/re-consideration but also a

motion to correct the findings and hence the case

should be open.  In the Courts previous rulings, the

Court stated that a re-consideration is appropriate

under the ff:  (i) a need to correct or arrest

manifest injustices  (ii) a need to correct a

clear error of Law  (iii) a need to conform to

Page 6

any change in the controlling law.

There exist an urgent and a critical need to correct a clear error of law and manifest injustices whose effect has rather encouraged the defendants to continue their lawless acts against the plaintiff rather than to discourage them. The pro se plaintiff has, however, come to a realization that it is futile for him to file papers in expectation for justice and that without an attorney it is not only that he would hardly gain any justice against the wrongs perpetuated against him constantly, but he would even eventually be sanctioned by the district court as well in his quest for justice to complicate the on-going problems of injustices against

Page 7

him. The pro se plaintiff has therefore been looking for an attorney relentlessly to assist him but so far the plaintiff has not got anybody. The plaintiff has, however, got some lead to attorney who might be interested in assisting the pro se plaintiff. Please, see a copy of the enclosed captioned; "FIRST EDITION"; this is enclosed as Exhibit (A).

Plaintiff called about it and was told that the person to speak to, one Mr. Robert George, would not be available until the 27th Oct, 2003

The plaintiff therefore needs Extension Of Time urgently and critically to enable him to not only have an attorney who would assist him to present the facts of the case appropriately before

Page 8

the Court but the plaintiff also needs Extension Of Time to enable him to have all the needed evidences and supporting documents for the Courts Review/Re-Consideration of its decision which is in grevieus error and will be discovered as such after the Court reviews the facts of the Motion for Review/Re-Considera- tion

The pro se plaintiff therefore humbly requests Sixty (60) days Extension Of Time or whatever time Extension the Court might deem appropriate for plaintiff to gather the necessary information and evidences in support of his Motion for Re-Consideration and have an attorney who would assist the plaintiff to present the facts of the Motion appropriately before the

Page 9

Court to put a stop to the cycle of manifest injustices which the pro se plaintiff, apparently, has not been able to establish before the Courts at the face of the plaintiff's constant complaints to that effect and therefore the plaintiff needs an attorney critically to effectively present the facts before the Court.

The pro se plaintiff provides the following accounts to assist the Court to understand the compelling need to open the case to allow a Review/Re-consideration and therefore the crucial and urgent need to have an attorney who would present the facts effectively before the Court so that the Court would make every necessary adjustments and changes in its Ruling to put a

Page 10

stop to the cycle of Injustices which have
been meted upon the pro se plaintiff, constantly,
as a result of dismissal of his actions just
to follow or conform with earlier or previous
trend of dismissal of the pro se plaintiff's
actions, regardless, causing the plaintiff gross
deprivation of Constitutional rights and resultant
damages; e.g., deprivation of Due Process and
Equal Protection of Laws and the on-going result-
ant Irreparable Damages while leaving a
very bad history about the pro se plaintiff which
not only perpetuates the alleged cycle of
Injustices and encourages the perpetrators of
Lawless acts to continue their lawless acts against
the plaintiff and anybody in the plaintiff's situation

Page 11

for their gain, as they are repeatedly left unprosecuted for their lawless acts, but also discourages anybody in the plaintiff's situation, i.e. the disadvantaged, from seeking the Courts for justice, pro se, without any legal expertise nor funds for even their basic subsistence let alone funds to hire an attorney.

A.

The Court opened the Ruling with the ff:

"The plaintiff's lawsuit is the most recent of a series of virtually identical suits arising out of the same set of facts — the unfavourable resolution of his claim for Workers' Compensation - - - "

This represents a gross mis-interpretation of the plaintiff's action upon which the

Page 12

Ruling has been based

The attorneys for the defendants concocted that claim so as to have a claim upon which the action could be dismissed

The plaintiff's action was not about or did not stem from "the unfavorable resolution of his claim for Workers' Compensation" as the court puts forth

If that were the case, then the action should have been brought against the commissioners that make the decision but not against the carrier that makes the payment

Infact even the plaintiff's actions against the commission was not about any unfavorable ruling per se, for benefits but the Commissions neglect of duty to arrest the Carriers

Page 13

lawless acts of taking a unilateral action to dis-continue or with-hold payment of benefits

Please see the enclosed exhibit, ie. Exh (1) in which the Commissioner In Charge, Commissioner Donald Doyle declared: "It is my understanding that the insurance carrier is paying benefits, without prejudice at a reduced rate, pending the formal hearing"

The payment of this reduced weekly benefits was also discontinued by a unilateral action of the insurance carrier, against the law, causing the plaintiff to institute a legal action for consequential damages

As it would clearly be discovered, there was no unfavourable resolution for benefits

Page 14

that caused the plaintiff to institute the legal action

The plaintiff's motion for Sanctions stemmed from these kinds of bad-faith pleadings by counsel

The plaintiff sought to discourage such dis-honest acts intended to mis-lead the court for a desired out-come.

The court, however, denied this Motion for Sanctions and even added that it is the defendants rather that have a claim of sanctions against the plaintiff

B)
While the court dismissed the action on the grounds that Hartford Ins. Co. of Illinois is just a subsidiary of Htfd. Ins. Co. and therefore

Page 15

there is no diversity Jurisdiction, the same district Court, however, did not dismiss the action of Mr. Ivan Smejkal on the grounds of lack of diversity Jurisdiction and so had a successful action against Hartford Ins. Co. of Illinois.

c/   The Motion to dismiss was exceedingly out of time but that was over-looked even though the plaintiff brought it up

D   The Court over-looked the Carrier's repeated unlawful conduct and so dismissed the action for instituting virtually identical actions instead of charging the defendants for aggravated offense against the plaintiff as it would if one committed such repeated offense against another

Page 16

In the District Court 1985 action captioned;
Carpentino Vs Transport Ins. Co., it was only
one incident of such unlawful acts committed
against the plaintiff that initiated or brought
about that successful action

The Court thus over-looked the fact
that the charges are identical because the
actions stemmed from repeated similar unlawful
acts, ie repeated identical wrongful acts.


E.    The Court stated that the plaintiff's
Superior Court action against Goja was dismissed
"for failure to plead in accordance with the orders
of the court"

This was not the case

The Court
dismissed the action on the grounds that the

Page 18

with the rules of court.

Counsel made up that claim so that the court would have grounds to dismiss the action, as it did occur.

The plaintiff objected to this with a copy of the Appellate Courts order and moved for sanctions against counsel for such a bad-faith pleading.

The Court, however, denied the motion for sanctions and even stated that it is rather the defendant that has a claim of sanctions against the plaintiff, leaving the defendants unprosecuted for their lawless conduct

q    The court listed every action the plaintiff had instituted at both the Superior court and the district

Page 17

plaintiff did not revise his complaint as
requested by Counsel

The plaintiff, however,
did not receive Counsel's 2nd demand for revision
of the complaint after the plaintiff submitted
the initial revision

E The Court stated that the State Appellate Court
dismissed the plaintiff's action" along with
other appeals by the plaintiff, for repeated failure
to comply with the rules of Court"

The actions were dismissed when
plaintiff could not come up with funds to pay
its monetary sanctions to cover the appeal expenses
of Bella Vista Condos    The actions were therefore
not dismissed for any repeated failure to comply





Page 19

Court making the plaintiff appear a nuisance and one who has had every opportunity before the Courts to litigate his actions

As plaintiff stated above, his actions have been dismissed erroneously in an effort to follow the trend of previous unfavourable Rulings.

For example, this Court dismissed the plaintiff's action. Ben. Gyadu vs Bella Vista Condos on the grounds that because the proce, indigent plaintiff did not commence his action because the I F P filed with the Complaint was denied

From the enclosed copy of the Fed. Rules of Civil Procedure, however, it would be discovered that the action was commenced after the

Page 20

plaintiff filed the Complaint along with the I F P
petition.

As another example, Henorable
Goetel dismissed the plaintiff's action: Ben -
Gyadu Vs Bella Vista Orders on the grounds that
the pro se plaintiff did not seek leave of Court
as demanded by the 2nd Circuits Sanctions Order
of Dec., 1999.

H the Court over-looked the recent incident of
Dec., 2000, in which the Carrier is with-holding
payment of benefits by deception

As it would clearly be discovered
                                                by himself
the pro se plaintiff's further efforts to gain
justice could end him up with sanctions from the

Page 21

District Court and plaintiff would forever be doomed.

Plaintiff therefore prays this Motion For Extension of Time would be granted to give the plaintiff the needed time to complete his on-going search for an attorney to assist the pro se plaintiff to file his papers to Open the Case for a Review/Re-Consideration of the Court's Ruling.

Respectfully Submitted

Ben. Gyadu

P.O. Box 4314

Waterbury, Ct 06704

CERTIFICATION

This is to certify that a copy of the fore-going was mailed to the ff:

(a)  The Law Office of Lagnese, Neal

21 Oak Street, 7th Floor,

Hartford, CT  06106

(b)  Attorney Paul Pollock,

10 Middle Street,

Bridgeport, CT  06604

Sincerely,

Ben. Gyadu,

P. O. Box 4314,

Waterbury, CT  06704.