APPENDIX

EX H (A)

# First Edition

**SECURITY FIRST** INSURANCE GROUP

## Pre-Paid Legal Services

As a full service agency, we are constantly searching for new markets and products that allow us to better serve our clients. One new product that we are now pleased to offer is Pre-Paid Legal Services.

Pre-Paid Legal Services are a means by which individuals can access affordable, high-quality legal representation for as little as $17 per month. Through Pre-Paid Legal Services, you and your immediate family will have access to the services of a number of highly regarded law firms throughout the nation, 24 hours a day, year round.

The enclosed pamphlet summarizes the many services that are included with your subscription to Pre-Paid Legal Services.

If you are interested in purchasing a Pre-Paid Legal plan, or if you would like to learn more about this product, please contact:

Robert George, Ext. 135
800-647-7321

Thank you for your business, we appreciate your confidence and look forward to hearing from you.

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
U.S. COURTHOUSE
915 LAFAYETTE BOULEVARD
BRIDGEPORT, CONNECTICUT 06604

OFFICIAL BUSINESS

3:02-cv-016

Ben Gyadu
P.O. Box 4314
Waterbury, CT  06704

da

1300  U.S. POSTAGE  PB 22 36747
0265  $00.830
5680  SEP 24 03
       06604

**UNITED STATES DISTRICT COURT**
OFFICE OF THE CLERK
915 LAFAYETTE BLVD.
BRIDGEPORT, CONNECTICUT 06604

OFFICIAL BUSINESS

Ben Gyadu
P.O. Box 4314
Waterbury, CT  06704

06704051314

dac



3–13                      COMMENCEMENT OF ACTION                      § 3.02[7]

commenced by the filing of a complaint, even if the filing fees are not paid to the clerk at the time of the filing.[22]

### [7]—Complaint Filed With In Forma Pauperis Petition Constitutes Commencement of Action

A pro se plaintiff who cannot afford to pay court costs and fees may commence an action without paying costs and fees. These actions, called actions *in forma pauperis,* from the Latin "in the character of a pauper," or "poor person," may proceed only by permission of the court. Forma pauperis actions are authorized by statute.[23]

The filing of a complaint along with an in forma pauperis petition constitutes commencement of the action under Rule 3.[24] For example, in *Stephenson v. CNA Fin. Corp.,*[25] the defendant maintained that the action was barred by the statute of limitations because the applicable limitations period had expired prior to the date on which the court granted the plaintiff's in forma pauperis petition. The court rejected the defendant's argument, holding that the action was deemed to

---

[22] **Action commenced without payment of fees.** *See* Rogers ex rel. Jones v. Bowen, 790 F.2d 1550, 1552 (11th Cir. 1986) (action for judicial review of decision denying child insurance benefits commenced by filing regardless of untimely payment of required filing fee).

| | |
|---|---|
| 4th Circuit | *See* Wells v. Apfel, 103 F. Supp. 2d 893, 895-899 (W.D. Va. 2000) (civil action was commenced when first filed, even though filing fee was not paid until later time; absent local rule or standing order requiring advance payment of filing fees, there was no legal authority for elevating payment of filing fee to jurisdictional requirement). |
| 7th Circuit | *See* Johnson v. Brown, 803 F. Supp. 1414, 1418-1419 (N.D. Ind. 1992) (racial discrimination action commenced when complaint filed, even though filing fee not paid until two weeks later). |
| 11th Circuit | *See* Rogers ex rel. Jones v. Bowen, 790 F.2d 1550, 1552 (11th Cir. 1986) (action for judicial review of decision denying child insurance benefits commenced by filing regardless of untimely payment of required filing fee). |

[23] 28 U.S.C. § 1915(a), the statutory authorization for in forma pauperis actions, provides, in pertinent part:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [sic] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

[24] *See* 28 U.S.C. § 1915.

[25] Stephenson v. CNA Fin. Corp., 777 F. Supp. 596, 598-599 (N.D. Ill. 1991).

§ 3.02[7]  MOORE'S FEDERAL PRACTICE 3D  3–14

have commenced on the date when the complaint and petition were filed with the court, not on the date when the petition was granted.[26]

Filing an application to proceed in forma pauperis, by itself, does not constitute commencement of the action.[27] However, a pending petition before the court to proceed in forma pauperis, filed with a complaint, temporarily tolls a statute of limitations period, and suspends the running of time under the statute,[28] even if the filing fee is not paid at the time of the filing.[29] If the petition subsequently

*(Text continued on page 3–15)*

---

[26] **Commencement of in forma pauperis action.** Stephenson v. CNA Fin. Corp., 777 F. Supp. 596, 598-599 (N.D. Ill. 1991) (action in forma pauperis commenced on date complaint and petition to proceed in forma pauperis filed with court, not on date court granted motion to proceed).

| | |
|---|---|
| *3d Circuit* | *See also* Move Org. v. Philadelphia, 530 F. Supp. 764, 766 (E.D. Pa. 1982) (civil rights action commenced when in forma pauperis petition filed with accompanying complaint). |
| *7th Circuit* | Stephenson v. CNA Fin. Corp., 777 F. Supp. 596, 598–599 (N.D. Ill. 1991) (action in forma pauperis commenced on date complaint and petition to proceed in forma pauperis filed with court, not on date court granted motion to proceed). |

[27] **Filing in forma pauperis application alone insufficient.** *See* Janneh v. Regency Hotel, 870 F. Supp. 37, 39 (N.D.N.Y. 1994), *corrected in part, summary judgment denied, adhered to in part on reconsideration*, 879 F. Supp. 5, 6–7 (S.D.N.Y. 1995) (racial discrimination in employment action commenced when application and complaint filed, not when application to proceed in forma pauperis received).

[28] **Pending in forma pauperis petition tolls statutory period.** *See* McCrum v. Elkhart County Dep't of Pub. Welfare, 806 F. Supp. 203, 207 (N.D. Ind. 1992) (statute of limitations tolled during pendency of petition to proceed in forma pauperis filed with complaint in civil rights action).

| | |
|---|---|
| *3d Circuit* | *See* Jones v. Hinton, 847 F. Supp. 41, 42-43 (E.D. Pa. 1994) (limitations period in defamation action tolled when plaintiff filed motion to proceed in forma pauperis); *see also* Richardson v. Diagnostic Rehabilitation Ctr., 836 F. Supp. 252, 254–255 (E.D. Pa. 1993) (filing in forma pauperis petition tolled limitations period in civil rights action); Jones v. Waters, 563 F. Supp. 817, 818 (E.D. Pa. 1983) (motion to proceed in forma pauperis filed with civil rights complaint tolled statute of limitations period); Krajci v. Provident Consumer Discount Co., 525 F. Supp. 145, 149-150 (E.D. Pa. 1981), *aff'd without published opinion*, 688 F.2d 822 (3d Cir. 1982) (statute of limitations period tolled by lodging of Truth in Lending Act complaint attached to motion to proceed in forma pauperis). |
| *6th Circuit* | *See* Downton v. Vandemark, 571 F. Supp. 40, 44-45 (N.D. Ohio 1983) (petition to appear in forma pauperis lodged with civil rights complaint tolled statute of limitations period). |
| *7th Circuit* | *See* McCrum v. Elkhart County Dep't of Pub. Welfare, 806 F. Supp. 203, 207 (N.D. Ind. 1992) (statute of limitations tolled during pendency of petition to proceed in forma pauperis filed with complaint in civil rights action). |

[29] **Filing fee not paid.** *See* Mohler v. Miller, 235 F.2d 153, 154–155 (6th Cir. 1956) (false arrest action against police officers filed in forma pauperis timely commenced in case in which petition was filed with clerk within limitation period even though filing fee not paid at time of filing).

Jarius Spila
Frank Verrilli
A. Thomas White, Jr.
James J. Metro
George Waldron
Angelo L. dos Santos
Donald H. Doyle, Jr.
Roberta Smith D'Oyen
Nancy Brouillet
Linda Bleaner Johnson
Amado J. Vargas
Michael S. Miles
Robin L. Wilson

**State of Connecticut**

## WORKERS' COMPENSATION COMMISSION

Tel: (203) 596-4207
Fax: (203) 568-3168

Ex h(1)

April 9, 1996

Jesse M. Frankl
Chairman
Workers' Compensation Commission
21 Oak Street
Hartford, CT 06106

Dear Chairman Frankl:

RE: Benjamin Gyadu v. D'Addario Industries; D/A 08/15/96; Our File No. 500000487

The above referenced file was recently scheduled for a pretrial on April 3, 1996 before Commissioner Mastropietro with respect to the claimant's claim for continued benefits pursuant to Section 31-308a C.G.S.

It is my understanding that the insurance carrier is paying benefits, without prejudiced at a reduced rate, pending the formal hearing.

It has come to my attention that the claimant has filed a Federal lawsuit against the Workers' Compensation Commission which contains allegations concerning the administration of his claim.

Because of this lawsuit and because of my and the fith district's intimate involvement with this file, I feel it would be in the best interest of the parties that this file be disqualified to a disinterested district.

I would urge whatever district receives the file that a formal be expeditiously scheduled.

Very truly yours,

Donald H. Doyle
Commissioner in Charge

DHD:jeb

cc: ✓Benjamin Gyadu
    Richard Stabnick - Attorney at Law