FILED

2003 NOV -3 P 12: 17

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*******************************************

BEN GYADU

    Plaintiff

vs.

HARTFORD INSURANCE COMPANY OF ILLINOIS

    Defendant

*******************************************

: CIVIL ACTION NO.
: 3:02-CV-01615 (JCH)

: OCTOBER 31, 2003

## OBJECTION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME

The undersigned defendant hereby respectfully objects to plaintiff's motion for an extension of time so that the plaintiff may potentially find an attorney to represent him and draft a motion for reconsideration and review of the judgment of dismissal, which entered in this matter on September 19, 2003.

The plaintiff[1] has filed numerous virtually identical actions against the undersigned defendant and/or its parent corporation, his employer's workers' compensation insurer, all arising out of the same set of circumstances and stating the same allegations pertaining to the plaintiff's 1986 work injury. After the Workers' Compensation Commission entered several unfavorable rulings regarding the plaintiff's claim for benefits, he began a series of duplicative failed lawsuits, culminating with the instant action. The frivolous nature of the plaintiff's litigation has been noted by the District Court and the Second Circuit.

---

[1] While the plaintiff is pro se, this court has previously recognized that he is a seasoned and experienced litigator at the federal and state levels. Gyadu v. Workers' Compensation Commission, 47 F. Supp.2d 272, 273 (D. Conn. 1999). He has also obtained several Bachelor's Degrees, and a Master's Degree in Business Administration. An injunction by the Second Circuit against the plaintiff remains in effect.

This court stated in its opinion, dated September 19, 2003, that "[t]he plaintiff's lawsuit is the most recent of a series of virtually identical suits arising out of the same set of facts . . . ." Gyadu v. Hartford Ins. Co., United States District Court, Docket No. 3-02-CV-1615 (JCH), *1 (D. Conn. Sept. 19. 2003). This court held that there was no diversity between the parties and, therefore, due to the lack of subject matter jurisdiction, the defendant's motion to dismiss was granted. Id., *11.

At this point in the litigation process, a motion for an extension of time is indeed frivolous considering the plaintiff's history and tendency to prolong this litigation action. The plaintiff does not refer to any rules in the Connecticut Federal Rules of Court that would allow the plaintiff to file this motion for an extension of time or, moreover, a motion for reconsideration or review of the final judgment. Furthermore, pursuant to Federal Rule § 59 (e), the plaintiff would have only ten days after the entry of the judgment to file a motion to alter or amend the judgment. Since the plaintiff's motion for an extension of time was filed beyond the ten-day requirement, a motion to reconsider or review the judgment would now be untimely. Nonetheless, not only would the plaintiff's motion be untimely, but also the motion does not meaningfully challenge this court's findings on the merits. The filing of a motion for reconsideration and review of the court's order granting the defendant's motion to dismiss would be ineffective in view of the fact that the court would continue to lack subject matter jurisdiction over the defendant.

In accordance with the Second Circuit's sanctions[2] and this court's most recent opinion in which this court alluded to the possibility of further sanctions against the plaintiff, the defendants

---

[2] "Having warned Gyadu on prior occasion that future frivolous filings in this Court would result in an injunction against further filings . . . and in light of Gyadu's present action in this Court, it is hereby:
"ORDERED that Ben Gyadu must file in this Court within 20 days of the filing of a notice of appeal form a judgment rendered by a district court within this Circuit a motion for leave to take such appeal. Such motion shall

ask this court to order the plaintiff to cease further litigation of this matter. This court recently stated, "sanctions against the *plaintiff* might well be justified." However, at that time, the court did not invite the same. Gyadu v. Hartford Ins. Co., United States District Court, Docket No. 3-02-CV-1615 (JCH), *18 (D. Conn. Sept. 19. 2003). In light of the plaintiff's persistent pursuit of litigation, the defendant now requests this court to deny the plaintiff's motion for extension of time. The defendant also requests the court to follow the Second Circuit's example and sanction the plaintiff for his continued frivolous litigation efforts.

For the foregoing reasons, the plaintiff's motion for an extension of time should be denied.

RESPECTFULLY SUBMITTED

THE DEFENDANT
HARTFORD INSURANCE COMPANY
OF ILLINOIS
(THE HARTFORD INSURANCE COMPANY)

By_____
Raymond J. Plouffe, Jr.
Bai, Pollock, Blueweiss &
Mulcahey, P.C.
Federal Bar No.: CT 05167

---

indicate supporting grounds and all proceedings in this court relating to such appeal shall be stayed until such motion s decided. If such a motion is not filed within 20 days, the appeal shall be dismissed. A copy of this order is to be appended to any notice of appeal. . . .
"ORDERED that Ben Gyadu is enjoined from filing applications for relief other than an appeal from a judgment rendered by a district court in this Circuit unless such application is accompanied by a motion for leave to file such application that state supporting grounds. All proceedings in this Court shall be stayed until such motion is decided. The clerk shall accept no papers that do not comply with this order." Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999).

## CERTIFICATION

This is to certify that a copy of this pleading has been mailed on this 31 day of October, 2003, to all counsel and pro se parties as follows:

Mr. Ben Gyadu
P.O. Box 4314
Waterbury, CT 06704

Paul Edwards, Esquire
Danaher, Tedford, Lagnese & Neal
21 Oak Street. Suite #700
Hartford, CT 06106-8002

_____
Raymond J. Plouffe, Jr.