FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

2003 NOV -5  P 2: 38

US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| BEN GYADU, | : CIVIL NO: 3:02 CV 01615 (JCH) |
| Plaintiff, | : |
| v. | : |
| HARTFORD INS. CO. OF ILLINOIS AND DAVID SOJA D/B/A CRC SERVICES, INC., | : |
| Defendants. | : NOVEMBER 4, 2003 |

### DEFENDANT, DAVID SOJA d/b/a CRC SERVICES, INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME DATED OCTOBER 10, 2003

Pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 9(b) and (e) of the Rules of the United States District Court for the District of Connecticut, the defendant, David Soja d/b/a CRC Services, Inc. ("Soja"), hereby submits the instant opposition to the plaintiff's Motion for Extension of Time dated October 10, 2003 for the reason that the motion is improperly filed.

### FACTS AND PROCEDURAL HISTORY

On November 22, 2002, the defendant filed a Motion to Dismiss the plaintiff's action. On September 19, 2003, this Court (Hall, J.) granted the defendant's Motion to Dismiss. By way of Motion for Extension of Time dated October 10, 2003, the plaintiff is now seeking additional time beyond that allowed by the Rules of Civil Procedure to file a Motion for Reconsideration.

### LAW AND ARGUMENT

Pursuant to Rule 9(e) of the Local Rules of Civil Procedure for the District of Connecticut, "Motions for Reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought. . ." Rule 6(b) of the Rules of

ASW//419614.1

Civil Procedure provides that the Court in its discretion may order that a time period be enlarged (1) if the request is made before the expiration of the period originally prescribed or, (2) if after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect. Additionally, Local Rule of Civil Procedure 9(b)(3) requires that all motions for extension of time include a statement of the moving party that "(1) he or she has inquired of opposing counsel and that there is an agreement or objection to the motion, or that (2) despite diligent effort, he or she cannot ascertain opposing counsel's position." The plaintiff has failed to comply with both the Rules of Civil Procedure and the Local Rules of Civil Procedure.

The plaintiff's Motion for Extension was not filed in a timely manner. Plaintiff notes in his Motion for Extension of Time that the Court granted the defendant's Motion to Dismiss on September 19, 2003. The plaintiff argues that the Court's ruling was not mailed to the plaintiff until September 24, 2003. Giving the plaintiff all benefit of the doubt, the deadline to timely file a Motion for Reconsideration pursuant to Local Rule 9(e) was October 4, 2003. The plaintiff's Motion for Time was not filed until October 10, 2003. As the plaintiff's Motion for Time was filed after the Motion for Reconsideration was due, said Motion is untimely pursuant to Local Rule 6(b)(1) of the Rules of Civil Procedure.

The plaintiff has also failed to meet the requirements of Rule 6(b)(2) of the Rules of Civil Procedure. The plaintiff has made no showing that the failure to timely file a Motion for Extension of Time was the result of excusable neglect. Although the plaintiff claims that he is seeking the assistance of an attorney for his Motion for Reconsideration, he has made no indication that he needed assistance in filing his Motion for Extension of Time. In fact, as plaintiff has filed the present Motion for Extension of Time, he has demonstrated his ability to file such a pleading. As there is no showing of excusable neglect for the delay in filing the Motion for Extension of Time, the plaintiff has failed to meet the requirements of Rule 6(b)(2).

Finally, the plaintiff has failed to comply with Local Rule of Civil Procedure 9(b)(3). The plaintiff has not included a statement that he inquired of defense counsel and that there is agreement or objection to the motion, or that he is unable to ascertain defense counsel's position. Defense counsel is unaware of any attempts made by the plaintiff to ascertain the defense position regarding this motion.

WHEREFORE, for all the foregoing reasons, the defendant respectfully requests that the plaintiff's Motion for Extension of Time be denied.

THE DEFENDANT,
DAVID SOJA D/B/A CRC SERVICES, INC.

BY _____
Paul T. Edwards, Esq.
Federal Bar No.: ct13331
Andrew S. Wildstein, Esq.
Federal Bar No.: ct22635
DANAHER, LAGNESE & NEAL, P.C.
21 Oak Street
Hartford, Ct 06106
Phone: (860) 247-3666
Fax: (860) 547-1321
awildstein@dtln.com
pedwards@dtln.com

ASW//419614.1

- 3 -

## **ORDER**

The foregoing Objection having been heard, it is hereby ORDERED:

SUSTAINED / OVERRULED

The Court

_____
Judge/Clerk

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, on this 4th day of November, 2003 to all counsel and *pro se* parties of record as follows:

Mr. Ben Gyadu
P.O. Box 4314
Waterbury, CT 06704

Raymond J. Plouffe, Jr., Esq.
Bai, Pollock, Blueweiss & Mulcahy, P.C.
10 Middle Street
Bridgeport, CT 06604

_____
Andrew S. Wildstein