The U.S. District Court,

915 Lafayette Boulevard,

Bridgeport, CT 06604

Date: 21st Dec., 2003

BEN. GYAMU Vs HTFD. INS. Co. Of Illinois
Plus
DAVID SOJA D/B/A CRC Services.
Doc. #:
     3:02-CV-01615 (JCH)

MOTION FOR AN EXTENSION OF TIME NOTWITH-

STANDING THE GRANTING OF PREVIOUS SUCH

MOTIONS OR IN THE ALTERNATIVE MOTION

TO OPEN JUDGEMENT TO ALLOW THE FILING OF

MOTION FOR REVIEW/RE-CONSIDERATION

By the Court's action

Page 2

which gratefully granted the plaintiff an Extension Of Time, the plaintiff was able to do further research into the case of one Mr Ivan Smajkal who successfully filed a similar action in the district court against the same defendant and was additionally able to distribute papers in an effort to get counsel for the action

The time granted to plaintiff is being exhausted while plaintiff is yet (i) complete his research into the action of Mr. Ivan Smejkal and (ii) get counsel for his action
As a result of the

Page 3

Courts action which granted the previous requests, the pro se plaintiff has been finding it extremely difficult to know what to do to get time to conclude (a) his search for Counsel and (b) his research into Mr Ivan Smejkal's case, without running into any unforeseen problems to complicate the problems he is confronted with

Based upon the fact that (a) the Courts ruling was in grevious error (b) the pro se plaintiff can hardly put forth any convincing legal argument, however, the plaintiff

Page 4

found himself without any choice but to ask for about fifteen (15) days Extension of Time after the holidays to receive responses for his relentless efforts for an attorney and to conclude his research into Mr. Ivan Smejkal's District Court action

Plaintiff has written counsel about his need

Plaintiff apologizes for any resultant problems and inconveniences

Due to the fact that the plaintiff's repeated requests for time extension might

Page 5

cause problems rather for plaintiff, the plaintiff requests that in case the Court decides that the plaintiff is not entitled to any more time extensions, the Court examines the following which the pro se plaintiff intended it be evaluated by Counsel for a Motion To Open and a subsequent Motion For Review/Re-Consideration

In that way should the Court decide against any time extension, the plaintiff would, at least, have some facts on file for the Court's evaluation to Open the case

Page 6

to allow the filing of a Motion for A Review/
Re-Consideration

BASIS THAT MAKE IT COMPELLING TO OPEN CASE

A

DEPRIVATION OF DUE PROCESS

Judgement was entered before plaintiff even had a chance to receive the notice of the Ruling let alone to respond to it.

The U.S. Supreme Court holds:

An elementary and fundamental requirement of due process in any proceeding which is to be accorded

finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections - - - - - - -" Mullane vs Central Hanover Bank and Trust Co, 70 S. Ct 652 (1950) at 657.

As it would clearly be discovered, the plaintiff was not afforded an opportunity to present his Objection and hence the plaintiff was not afforded an opportunity to file his Motion for Review/Re-Consideration, in violation of the plaintiff's right to a Due Process.

Page 8

B- The Court Had A Diversity Jurisdiction

Under Exh(1) it would be discovered that Hartford Insurance Company Of Illinois was: "Organized under the Laws Of Illinois" and under EXH(2) it would also be discovered that it was:

"Incorporated in Illinois on November 5, 1979, Commenced operations on January 1, 1980"

C- Court Mis-interpreted Action

At the front page of the Courts Ruling, the Court interpreted the action as ff: "The plaintiff's

Page 9

lawsuit is the most recent of a series of virtually identical suits arising out of the same set of facts — the unfavorable resolution of his claim for Workers' Compensation..."  As plaintiff declared in his previous Motion for Extension of Time and supported it with a copy of Commissioner Doyle's note, there was no unfavorable resolution of plaintiff's claim for benefits that caused the plaintiff to institute his actions.

The defendant took a unilateral

Page 10

action to with-hold and discontinue payment of plaintiff's Workers' Compensation weekly income, in violation of the provisions of Sec. 31-296 of the Ct. Gen. Statute Annotated.

The plaintiff sued for consequential damages of that BAD-FAITH conduct.

2) Court Made An Erroneous Claim Which Formed Basis Of The Ruling

The Court states that: Connecticut Appellate Court dismissed the plaintiff's appeal, "along with other appeals

by the plaintiff, for repeated failure to comply with the rules of Court" just as how counsel put forth in his defense to get the action dismissed, as it did occur.

The Connecticut Appellate Court, however, did not dismiss the action for any "repeated failure to comply with the rules of Court". The actions were dismissed when the indigent plaintiff could not have funds to pay the Court's monetary sanctions intended to pay the appeal expenses of Bella Vista Condos.

Please, see EXH (3)

E

### Court Made Another Errorneous Claim:

The Court states: "The Trial Court entered a judgement of non-suit in June 1998 when Gyadu failed to proceed with jury selection and trial" just as how the defense counsel put forth so as to get the action dismissed as it did occur

As plaintiff declared in his Objection to Motion To Dismiss, the action was dismissed because plaintiff could not proceed for jury selection as he did not have any legal expertise for jury selection

The action could not have been

dismissed for failure to proceed for jury selection and at the same time for failure to proceed for trial. There should be jury selection before trial. Therefore the action could only be dismissed for failure to proceed for trial only if there was jury selection. There was, however, no jury selection and for that reason the action could not have been dismissed for failure to proceed for trial.

F    Court Over-looked The Defendants Repeated Wrongful Action Against The Plaintiff And Therefore While The Court Was Accusing The Plaintiff Of Instituting Virtually Identical Actions It Was

### The Defendants Repeated Wrongful Actions Which Brought About The Identical Complaints

The Court over-looked the defendants rampant wrongful actions to charge the defendant of an aggravated offense of taking a unilateral action to with-hold and dis-continue payment of plaintiff's Workers Compensation weekly benefits, in violation of Sec. 31-296 of the Ct. Gen. Statute Annotated.

### CONCLUSION

Based upon all the above the plaintiff prays this motion would receive a favourable consideration.

Respectfully Submitted,
Ben. Gyadu, P.O. Box 4814, Waterbury, Ct 06704

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed to the ff:

(a) The Law Office of Neal, Lagnese, Telford,
21 Oak Street, 7th Floor
Hartford, CT 06106

(b) Attorney Paul Pollock,
10 Middle Street,
Bridgeport, CT 06604

Sincerely,
Ben. Gyadu,
P.O. Box 4314
Waterbury, CT 06704

**PROPERTY AND CASUALTY COMPANIES - ASSOCIATION EDITION**

*3828820022010010 0*

# ANNUAL STATEMENT
### For the Year Ended December 31, 2002
of the Condition and Affairs of the

# HARTFORD INSURANCE COMPANY OF ILLINOIS

NAIC Group Code.....0091,       0091          NAIC Company Code..... 38288          Employer's ID Number..... 06-1010609
(Current Period) (Prior Period)

Organized under the Laws of Illinois                         State of Domicile or Port of Entry  Illinois

Country of Domicile    US

Incorporated..... November 5, 1979                            Commenced Business..... January 1, 1980

| | | |
|---|---|---|
| Statutory Home Office | 4245 Meridian Parkway..... Aurora ..... IL ..... 60504 | |
| | (Street and Number)      (City or Town, State and Zip Code) | |
| Main Administrative Office | Hartford Plaza..... Hartford ..... CT ..... 06115-0000 | 860-547-5000 |
| | (Street and Number)      (City or Town, State and Zip Code) | (Area Code) (Telephone Number) |
| Mail Address | Hartford Plaza..... Hartford ..... CT ..... 06115-0000 | |
| | (Street and Number or P. O. Box)      (City or Town, State and Zip Code) | |
| Primary Location of Books and Records | 4245 Meridian Parkway..... Aurora ..... IL ..... 60504 | 630-692-8657 |
| | (Street and Number)      (City or Town, State and Zip Code) | (Area Code) (Telephone Number) |
| Internet Website Address | www.thehartford.com | |
| Statement Contact | David P. Halper | 630-692-8657 |
| | (Name) | (Area Code) (Telephone Number) (Extension) |
| | statement.questions@thehartford.com | 860-547-3622 |
| | (E-Mail Address) | (Fax Number) |
| Policyowner Relations Contact | Hartford Plaza..... Hartford ..... CT ..... 06115-0000 | 860-547-4707 |
| | (Street and Number)      (City or Town, State and Zip Code) | (Area Code) (Telephone Number) (Extension) |

### OFFICERS

President ..... David Kenneth Zwiener         Treasurer ..... John Nicholas Giamalis  #         Secretary ..... Brian Stuart Becker  #

### VICE PRESIDENTS

| | | | |
|---|---|---|---|
| Judith Ann Blades  # | Fredrick Henry Eppinger  # | Joseph Zigmund Gauches | Calvin  Hudson |
| James Paul Kennedy | David Richard Robb | Raymond James Sprague | Neal Stephen Wolin |
| David Harold Annis | Ann Boucher Glover  # | Randall Irwin Kiviat | David Mark Znamierowski |
| Brian Stuart Becker  # | Michael John Dury | John Nicholas Giamalis | Richard William Palczynski |
| Robert Jennings Price  # | | | |

### DIRECTORS OR TRUSTEES

| | | | |
|---|---|---|---|
| Ramani  Ayer | Randolph Amory Dalton | Timothy  Galvin III | David Philip Halper |
| Donald Joseph LaValley | Carol Diane Murphy | Neal Stephen Wolin | David Mark Znamierowski |
| David Kenneth Zwiener | | | |

State of....... Connecticut
County of..... Hartford

The officers of this reporting entity being duly sworn, each depose and say that they are the described officers of said reporting entity, and that on the reporting period stated above, all of the herein described assets were the absolute property of the said reporting entity, free and clear from any liens or claims thereon, except as herein stated, and that this statement, together with related exhibits, schedules and explanations therein contained, annexed or referred to, is a full and true statement of all the assets and liabilities and of the condition and affairs of the said reporting entity as of the reporting period stated above, and of its income and deductions therefrom for the period ended, and have been completed in accordance with the NAIC *Annual Statement Instructions* and *Accounting Practices and Procedures* manual except to the extent that: (1) state law may differ; or, (2) that state rules or regulations require differences in reporting not related to accounting practices and procedures, according to the best of their information, knowledge and belief, respectively.

| (Signature) | (Signature) | (Signature) |
|---|---|---|
| David Kenneth Zwiener | Brian Stuart Becker | John Nicholas Giamalis |
| (Printed Name) | (Printed Name) | (Printed Name) |
| President | Secretary | Treasurer |

Subscribed and sworn to before me this

..............day of ............................................, 2003

a. Is this an original filing?     Yes [ X ]     No [    ]
b. If no:     1. State the amendment number
              2. Date filed.....
              3. Number of pages attached.....



Home: | Basic Search: | Search Results: | Company Details

# Hartford Insurance Company of Illinois

| Company Details | Company Financials | Create Reports | EDGAR | News | Annual Reports | Research | Portraits | T
Synopsis | Highlights | **History** | Joint Ventures | Business | Property | Subsidiaries | Long Term Debt | Executives | Capital Stock

## History

Incorporated in Illinois on November 5, 1979. Commenced operations on January 1, 1980.

COPYRIGHT © 2003 MERGENT | PRIVACY POLICY | FEEDBACK

NO. A.C. 19693

EXH (3)

| BELLA VISTA CONDOMINIUMS | : | APPELLATE COURT |
| V. | : | STATE OF CONNECTICUT |
| BENJAMIN GYADU | : | OCTOBER 13, 2000 |

ORDER

THE FOLLOWING APPEALS ARE DISMISSED FOR FAILURE OF BENJAMIN GYADU TO COMPLY WITH THE ORDER OF JULY 12, 2000, ORDERING BENJAMIN GYADU TO PAY MONETARY SANCTIONS ON OR BEFORE OCTOBER 11, 2000, AND TO PROVIDE PROOF OF SUCH PAYMENT TO THIS COURT ON OR BEFORE OCTOBER 12, 2000:

(1) AC 21214 BEN GYADU V. D'ADDARIO INDUSTRIES ET AL.
(2) AC 19756 BEN GYADU V. G & W MANAGEMENT INC., ET AL.
(3) AC 20457 BEN GYADU V. HARTFORD INSURANCE CO. ET AL.
(4) AC 20531 BELLA VISTA CONDOMINIUM ASSOCIATION V. BENJAMIN GYADU
(5) AC 20697 BENJAMIN GYADU V. D'ADDARIO INDUSTRIES ET AL.

BENJAMIN GYADU IS PROHIBITED FROM FILING PAPERS OR APPEARING BEFORE THIS COURT FOR A PERIOD OF ONE YEAR FROM OCTOBER 13, 2000, WITH THE SOLE EXCEPTION THAT HE MAY FILE A TIMELY MOTION FOR RECONSIDERATION OF THIS ORDER IN FULL COMPLIANCE WITH THE RULES OF APPELLATE PROCEDURE.

BY THE COURT,

*Michele Angers*
DEPUTY CHIEF CLERK

NOTICE SENT: 10/13/00
BEN GYADU, PRO SE
POMERANZ, DRAYTON & STABNICK, LLC
OUELLETTE, DEGAINS & GALLAGHER
LAW OFFICE OF EUGENE MELCHIONNE
GESMONDE, PIETROSIMONE, SGRIGNARI & PINKUS
J. MICHAEL SHERB
RIENER, REINER & BENDETT, P.C.
BAI, POLLOCK & COYNE, P.C.
DANAHER, TEDFORD, LAGNESE & NEAL, P.C.
LAW OFFICES OF GEORGE J. DUBORG
COMPENSATION REVIEW BOARD (97-0003617)
WATERBURY SUPERIOR COURT (94-0120500;98-0149358; 95-0126278)
HON. THOMAS G. WEST
HON. JOSEPH W. DOHERTY
HON. JOSEPH H. PELLEGRINO