The U.S. District Court

915 Lafayette Blvd

Bridgeport, CT 06604

FILED 2004 JAN 13 P 3:19
US DISTRICT COURT
BRIDGEPORT CT

DATE: 10TH JAN., 2004

BEN. GYADU
vs
HTFD. INS. CO OF ILLINOIS
PLUS
DAVID SOJA D/B/A CRC SERVICES
DOC. #:
3:02-CV-01615 (JCH)

PLAINTIFF'S REPLY TO OBJECTION TO MOTION FOR EXTENSION OF TIME

COUNSEL SUBMITS A FALSE, DECEPTIVE, INVALID ARGUMENT INTENDED TO MIS-LEAD THE COURT TO DEFRAUD PLAINTIFF OF JUSTICE DUE HIM AS HE HAS BEEN DOING WITH GREAT SUCCESS

(A) Counsel states that

Page 2

the Motion For Extension Of Time was improperly filed and supports that claim with the ff:

A(1)

A(1)a  According to Counsel the Court has not acted on plaintiff's motion for time extension dated the 26th Nov., 2003, and yet "the plaintiff continues to seek additional time to retain legal counsel to assist in the presentation of this case, without success."

Contrary to Counsel's claim, however, the Court has acted on that motion and even acted on that very Counsel's Objection to the referenced Motion For Extension Of Time dated the 26th Nov., '03. Please, see EXH(1) and EXH(2).

Page 3

As it would therefore be discovered, the plaintiff's Motion for Extension Of Time was not improperly filed to warrant granting Counsel's Objection

Counsel's motion must therefore be denied and the relief sought denied forthwith.

A(1)b

Counsel states

The plaintiff "has had ample time even prior to the granting of the Motion to Dismiss since September, 2003 to secure the services of a lawyer and even since then has had over three months time to retain a lawyer." Counsel

Page 4

continues: "The time has come to bring this litigation to an end and to stop this litigious plaintiff from subjecting the defendant to these vexing and baseless claims."

A(1)b(i)

The Subject Matter Of The Action In Question Is About The Defendant's Deliberate Malicious Acts By Which The Plaintiff Is Now A Destitute In Every Sense Of The Word, Without Any Income For Even His Basic Subsistence, Let Alone Income For A Retainer Fees Of Between $5,000 And $10,000 That Potential Attorneys Have Been Demanding, And Therefore For Counsel, Who Knows That The Alleged Defendant's Actions Which Deprive The Plaintiff Of Any Income Would Make It Extremely Difficult For Plaintiff To Have An Attorney For His Action, To Turn Around To Attempt To Take Advantage Of The Very Problem Caused By The Defendant, To Dispose Of The Action And Thereby

Page 5

Free The Defendant Of Any Prosecution Of The Alleged Malicious Acts, Counsel's Defense Becomes Nothing But <u>A DECEPTIVE, DIS-HONEST MANEUVRE AND HENCE A BAD-FAITH Pleading</u> Intended To MIS-LEAD The Court To <u>Defraud</u> The Plaintiff Of Justice due Him And For That Reason The Relief Sought With That BAD-FAITH Pleading Must Be Denied

As plaintiff has been maintaining in all his pleadings, lack of funds for even the plaintiff's basic subsistence let alone funds for other needs, such as funds for Counsel, as a direct result of the alleged CONSPIRACY of the defendants, causing plaintiff all kinds of consequential damages to anybody's guess, including

Page 6

all the actions the plaintiff has lost and all the sanctions plaintiff has been made to suffer as a direct result of lack of Counsel, was the cause of the plaintiff's action in question and hence the subject matter of the action in question.

Plaintiff therefore prays the Court would not allow Counsel to take advantage of the problems created by the defendants' alleged unlawful acts to dispose of the action, as the defendants have been doing with great success.

If plaintiff's Workers' Compensation

Page 7

weekly income has not been with-held against the law by the defendants acts, as alleged, there would not have been any of the problems the plaintiff has been confronted with in getting Counsel and with that there would not have been any need to ask for time extension to get Counsel let alone a need to ask for a repeated time extension and Counsel, who has been using REPEATED BAD-FAITH pleadings for a defense, would not have had any cause to file the alleged BAD-FAITH Objection

The Objection must therefore

Page 8

be denied to allow justice to take its course.

A(1)b(ii)

Counsel states: "The time has come to bring this litigation to an end and to stop this litigious plaintiff from subjecting the defendant to these vexing and baseless claims" ~~DEFENSE DECEPTIVE AND MIS-LEADING~~ The action has not been tried on its merits to make a conclusion that the plaintiff's claims are baseless

It was the defendants' alleged acts upon which the plaintiff does not

Page 9

have any Workers Compensation weekly income

To say that the plaintiff's claims are vexing and baseless while the action is yet to be tried on its merits, is DECEPTIVE and MIS-LEADING

Counsel claims the plaintiff subjects the defendant to vexing and baseless claims and dis-regards the fact that the consequencies of the defendants UNLAWFUL acts have ruined the plaintiff's entire life and without the alleged MALICIOUS acts upon plaintiff, the plaintiff would not have

had any cause to institute the action in question and therefore there would not be anything that he characterizes as vexing and baseless

There Is No Time Limitation To Set Aside VOID Judgement Nor There Is Time Limitation To Reverse A Judgement Obtained By Fraud

Counsel states that: "The time has come to bring this litigation to an end--"

As plaintiff has been maintaining and moved for sanctions against Counsel to at least, discourage Counsel's BAD-FAITH

Page 11

pleadings, without LIES, DECEPTION ETC., as alleged, Counsel would never have gained any of the Rulings sought including the Motion To Dismiss

Such judgements obtained through fraudulent maneuvres or acts could be Set Aside on VOIDNESS grounds at any time. Please see IN RE CENTRE WHOLESALE, INC. 759 F.2d 1440 (1985) at 1447 and 1448

B. TIME EXTENSION WAS NOT SOUGHT ONLY FOR THE PURPOSE OF OBTAINING COUNSEL, BUT ALSO TO ENABLE THE PLAINTIFF TO CONTINUE HIS RESEARCH INTO ONE MR. IVAN SMAJKEL'S CASE SINCE HE BROUGHT UP A SIMILAR CASE AGAINST THE

SAME DEFENDANT WITHOUT HAVING THE ACTION DISMISSED FOR LACK OF DIVERSITY JURISDICTION

Counsel failed to address the fact that the purpose of the time extension was also to enable the plaintiff to continue his research into one Mr. Ivan Smajkel's case since he instituted a similar case successfully.

Counsel's argument against the request for time extension is therefore incomplete and must be denied the relief sought.

C. **Argument Fails To Address The Fact That The Court Has The Needed Diversity Jurisdiction Since The Company Was Incorporated Under The Laws Of The State Of Illinois.**

Counsels ignores the fact that the Court has the Diversity Jurisdiction as the Company has its principal business in the State of Illinois and was organized under the laws of the State of Illinois.

## CONCLUSION

Based upon all the above, the plaintiff prays the Court would deny the Objection and its relief sought.

Respectfully Submitted,
BEN-STASH, P.O. BOX 4314, Waterbury, CT 06704

## CERTIFICATION

This is to certify that a copy of the fore-going was mailed to the ff:-

(a) The Law Office of Lagnese, Neal
21 Oak Street, 7th Floor
Hartford, CT 06106

(b) Attorney Paul Pollock,
10 Middle Street,
Bridgeport, CT 06604

Thank you.

Sincerely,
BEN. GYAMY,
P.O. BOX 4314,
Waterbury, CT 06704

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

BEN GYADU,                                    : CIVIL NO: 3:02 CV 01615 (JCH)
                                              :
        Plaintiff,                            :
                                              :
v.                                            :
                                              :
HARTFORD INS. CO. OF ILLINOIS AND             :
DAVID SOJA D/B/A CRC SERVICES,                :
INC.,                                         :
                                              :
        Defendants.                           : DECEMBER 5, 2003

### DEFENDANT, DAVID SOJA d/b/a CRC SERVICES, INC.'S OBJECTION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME DATED NOVEMBER 26, 2003

Pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 9(b) and (e) of the Rules of the United States District Court for the District of Connecticut, the defendant, David Soja d/b/a CRC Services, Inc. ("Soja"), hereby submits the instant opposition to the plaintiff's Motion for Extension of Time dated November 26, 2003 for the reason that the motion is improperly filed.

### FACTS AND PROCEDURAL HISTORY

On November 22, 2002, the defendant filed a Motion to Dismiss the plaintiff's action. On September 19, 2003, this Court (Hall, J.) granted the defendant's Motion to Dismiss. By way of Motion for Extension of Time dated October 10, 2003, the plaintiff sought additional time beyond that allowed by the Rules of Civil Procedure to file a Motion for Reconsideration. The court granted the plaintiff's Motion on November 3, 2003. The plaintiff now seeks additional time to retain legal counsel to assist in the presentation of his case.

ASW//419614.1

The U.S. District FILED

915 Lafayette Blvd.,     2003 DEC -1 P 12:31

Bridgeport, CT 06604     US DISTRICT COURT

Date: 26th Nov., 2003

BEN. GYADU Vs. HTFD. INS. COMP. OF ILLINOIS
                    PLUS
DAVID SOJA D/B/A CRC SERVICES

Doc.#: 3:02-CV-01615 mc (JCH)

MOTION FOR THIRTY (30) DAYS EXTENSION OF TIME OR WHATEVER TIME EXTENSION THE COURT MIGHT DEEM APPROPRIATE WITH RESPECT TO PLAINTIFFS URGENT AND CRITICAL NEED

The Court gratefully granted the plaintiff an Extension of Time to enable the plaintiff search for counsel to assist the plaintiff to file his papers to Open the Case to Review/Re-Consider the

