The U.S. District Court,

Bridgeport, CT 06604.

2004 FEB 11 P 12:02
US DISTRICT COURT
BRIDGEPORT CT

Date: 5TH FEBR, 2004

Doc. #: 3', 02-CV-01615 (JCH)
BEN. GYADU VS HTFD. INS. Co. Of Illinois, ET AL.

MOTION FOR CRITICAL REVIEW/RE-CONSIDERA-
TION OF RULING DATED 28TH JAN, 2004

As much as the Court's Ruling,

captioned: "Ruling RE: [DKT NO. 68]", makes it

abundantly clear that it is futile for

plaintiff to file any further papers himself

in pursuit of facts which would convince

the court to reverse its decision and for

that reason any further attempts would only

Page 1(a)

Page <u>1</u>(a)

make him appear a nuisance which could

run him into further sanctions to complicate

the seemingly unsurmountable problems

he is presently confronted with, because the

pro se plaintiff finds it extremely difficult to

understand the Courts action at the face of

all the facts to the contrary and it is the very

Court which would appropriately review its

decision to make any necessary corrections

or, at least, make it clear to the plaintiff, if

not to reverse the decision, the pro se plaintiff

finds himself without any alternative but to

Page 1 (b)

humbly request that the court reviews/
re-considers CRITICALLY on an
URGENT BASIS the Ruling in reference
to DKT NO. 68 dated the 28th Jan., 2004
to prevent the eminent MANIFEST

Page 2

Injustices and deprivation Of plaintiff's right to a due process and Equal Protection Of Laws and their Consequential damages which would otherwise be meted upon the plaintiff. Plaintiff sincerely apologizes for any resultant problems or inconveniences of this action or motion

II  BASED UPON THE COURTS PREVIOUS RULINGS BY

WHICH THE COURT DENIED THE PLAINTIFFS

PLAINTIFF REQUESTS THAT
MOTIONS FOR REVIEW/RE-CONSIDERATION THE
                                        ∧∧

RULINS IN QUESTION ...... BE REVIEWED

In reference to the

2nd Circuits' Ruling under U.S. vs Sanchez, 35 F 3d, 673, 677 (2nd Cir., 1994), the Court has

Page 3

maintained that in order to grant a Review/
Re-consideration to reverse a previous
Ruling there should be :
                                    " an intervening
change in controlling Law, new evidence,
or the need to correct a clear error
Of Law or to prevent manifest injustice"
U.S. Vs Sanchez, 35 F.3d, 673, 677 (2nd Cir, 1994)


Due to the fact that <u>there</u> <u>exist</u>
(i) a new evidence   (ii) a need to correct
a clear error of Law (iii) a need to prevent
manifest injustice, the   indigent, pro se

Page 4

plaintiff requests on an URGENT and CRITI-
CAL basis that the Court CRITICALLY
REVIEWS its Ruling dated the 28th
Jan., 2004, and change or reverse it
accordingly to put a stop to the string
of errorneous unfavourable Rulings
which have been causing the plaintiff
unending MANIFEST INJUSTICES and
their resultant IRREPARABLE DAMAGES
whose effect has been ruining the plaintiff's
life at an unprecedented rate while
leaving the perpetrators of the alleged

Page 5

wrongful actions UNPROSECUTED to

continue their wrongful actions against

innocent people, such as the plaintiff,

for their own gain and thereby making

it compelling for victims of those wrongful

actions, e.g. the plaintiff, who do not have

anywhere to turn to for a relief against the ^(than the Courts)

damaging effects of those wrongful actions, to

institute a legal action, just to have the

action dismissed to repeat the ^(whole) cycle

over and over again without which the Indigent,

Pro se, plaintiff would NEVER have been

Page 6

perceived as a nuisance who should sanctioned to bar his access to the Courts, as it is at the moment, depriving the plaintiff's fundamental right of access to the Courts for a redress of wrongs against him

II(i)  THE NEW EVIDENCE

In the Court's Ruling captioned: "Ruling RE: [DKT NO. 68]" the Court states:

"The Court will not repeat the history of this case, as well as litigations prior to this particular one by the plaintiff against

Page 7

one or more of the defendants, all of which

is recited in the Court's prior opinions"

The Court concluded that " There must

be an end to litigation at some point. This

particular case was filed approximately

16 months ago ( filed 9/12/02), and prior litigation

involving this plaintiff and his claims against

these or other defendants go back many years"

Contrary to the Court's statements

upon which the Court ruled against the plaintiff,

as in the previous cases, however, the pro se

plaintiff has not been given any chance to

Page 8

litigate any of the issues of his complaints

The actions have all been dismissed without their merits as it is in the action in question, just to follow the trend of previous unfavourable rulings, as all evidences make such a conclusion a VALID argument

Under Sec. 4427, Vol 18 of Wright-Miller-Cooper, it is declared that:

"Judicial actions must achieve a basic minimum quality to become eligible for res judicata effects. The traditional

Page 9

words used to describe this quality
require that there must be a judgement
that is valid, final, and on the merits."

The plaintiff, however, has not
been afforded any chance or opportunity
to litigate any of the issues of his complaints

The actions have all been dismissed
without their merits, as it is in the action
in question

It follows therefore that to
refuse to review the decision with respect
to the facts of the complaint, deprives the
plaintiff a DUE PROCESS and EQUAL PROTECTION

Page 10

OF LAWS, causing plaintiff resultant Irreparable damages of anybody's guess.

Under Moccio vs New York State Office Of Court Admin., the U.S. Court Of Appeals, 2ND Circuit States:

"Plaintiff seeking to avoid collateral estoppel has burden to show absence of full and fair opportunity to litigate issues in previous proceeding" Moccio Vs New York State Office of Court Admin., 95 F. 3d 195 (2ND Cir, 1996) at 197

The Court Continued that;

Collateral estoppel applies only if issue in question

Page 11

was actually and necessarily decided in prior proceeding and party against whom doctrine is asserted had full and fair opportunity to litigate issue in first proceeding'

As it would again be disco-

vered the Court's action deprives the plaintiff a Due Process and Equal Protection of laws.

And as much as the Court puts time limit on plaintiff's action, it is declared that there is no time limitation to set Aside a VOID judgement. Please, see Wright & A Miller, Federal Practice and Procedure Sec. 2862

Page 12

at 197 (1973) and Cases cited therein. Please,

see also IN RE CENTRE WHOLESALE, INC.

759 F. 2d 1440 (1985) at 1447 and 1448.

Under Goldberg Vs Kelley, 90 S. Ct

1011 (1970) the U.S. Supreme Court held:

"Extent to which procedural

due process must be afforded welfare

recipient is influenced by extent to which

he may be condemned to suffer grievous loss

and depends on whether recipients interest

in avoiding that loss outweighs governmental

interest in Summary adjudication"

As a result

Page 13

Of the alleged wrongful actions by which the

1st defendant took a unilateral action to

dis-continue payment of plaintiffs weekly
Workers Compensation

income in violation of Sec 31-296 Of the CT.

Gen. Statute Annotated and CONSPIRED with the
before the Commissioners

2ND defendant to discredit the plaintiff to

make it possible to officially discontinue payment

of plaintiffs benefits by deception, the plaintiff

is without any income whatsoever for even

his basic subsistence let alone an income

to hire an attorney for his actions, causing

the pro se plaintiff all kinds of problems, inclu-

Page 14

ding the on-going rampant dismissal of
his actions at a glance by the Courts

As it would again be dis-
covered, for the Court to dismiss this kind of
plaintiff's action without any CRITICAL
evaluation of the complaint before the Court
and the fact that the Court is now provided
with Exhibits that prove that the Court
has the Diversity Jurisdiction to make
the defendants stand trial for the alleged
wrongs by which the plaintiff is now a
VAGABOND in any sense of the word, the

Page 15

Court has deprived the pro se plaintiff the

DUE PROCESS as set forth by the U.S.

Supreme Court under Goldberg Vs Kelley, as

stated above.

The plaintiff provides
as a NEW EVIDENCE
Exhibits (1) and (2) for the Courts evaluation

of plaintiff's claim that there is the much

needed Diversity Jurisdiction

The plaintiff did not have these

facts before the court when the Court issued

the decision by which the Court dismissed

the action by the order dated the 19th Sept., 2003.

The pro se plaintiff thought he

Page 16

would have Counsel by signing for the pre-paid legal services.

As it turned out, however, they also demand a retainer fee of not less than $5,000 and not only that they would not even take the action due to the 2nd circuits sanctions which essentially bar the plaintiff's appeal rights

At the face of the problems facing the plaintiff due to lack of income as a result of the alleged UNLAWFUL acts of the defendants, the plaintiff is still looking for Counsel with the hope that he might have somebody who

Page 17

would take his actions on Contingency basis.

**III**  A NEED TO CORRECT A CLEAR ERROR OF LAW

The Court has over-looked the Exhibits (1) and (2) which prove that there is the Diversity Jurisdiction

Additionally the Court has over-looked the fact that the pro se plaintiff would need extra time in order to be able to get additional information about the alleged case of Mr Ivan Smejkal who has successfully brought up a similar

Page 18

action against the same defendant without any problem of lack of Aversity Jurisdiction

Any further information about the case of Mr. Ivan Smejkal would not only support EXA(1) and EXA(2) to prove beyond any reasonable doubt that there is the Aversity Jurisdiction but it would also make it abundantly clear that the Courts Rulings of lack of Aversity Jurisdiction have been in grevious error

The Courts alleged action by which the court over-looked the means by which

Page 19

the Court would have discovered that there exist the Diversity Jurisdiction, represents a clear ERROR OF LAW which must be corrected to prevent any possible resultant MANIFEST Injustices upon the plaintiff

IV   A NEED TO PREVENT MANIFEST INJUSTICES

For the Court to dismiss the plaintiffs action whichever Lack Of Diversity Jurisdiction, leaving the defendants UNPRO-SECUTED for the alleged wrings while there is, indeed, the Diversity Jurisdiction to prosecute

Page 20

the defendants for the alleged wrongs, Causing the plaintiff all the consequential damages whose effect has ruined the plaintiff's entire life, subjects the plaintiff to MANIFEST INJUSTICES, in violation of plaintiff's right to a Due Process as stated above

Please, see also Cleveland Board Of Education Vs Loudermill where the U·S· Supreme Court declared:

The point is straight forward:

the Due Process clause provides that certain Substantive rights — life, liberty, and property — cannot be

Page 21

deprived except pursuant to Constitutionally
adequate procedures
                    The Categories of substance
and procedures are distinct. Were the
rule otherwise, the clause would be
reduced to a mere tautology. – – – –
– – – – – – – – The right to due
process is conferred not by legislative grace
but by Constitutional guarantee" Cleveland
Board of Educ. Vs Loudermill, 470 U.S. 532
(1985)

CONCLUSION

Based upon all the above, the plaintiff

Page 22

prays this motion would receive a favourable consideration and that as futile as it is for the plaintiff to file any papers himself in expectation for justice due him, the Court would reverse its decision and make it very clear the reasons behind any action the Court would take

The Court has the diversity Juris-diction.

Respectfully Submitted

BEN. GYASU,
P. O. BOX 4314,
Waterbury, CT 06704

CERTIFICATION

This is to certify that a copy of the foregoing was mailed to the ff:

(a)  The Law Office of Lagnese, Tedford, Neal

21 Oak Street, 7th Floor

Hartford, CT 06106

(b)  Attorney Paul Pollock,

10 Middle Street

Bridgeport, CT 06604

Sincerely,

BEN- GYASU,

P.O. BOX 4314

Waterbury, CT 06704