The U.S. District Court,

Bridgeport, CT 06604

Date: 10th Febr., 2004

Doc #: 3:02-CV-01615 (JCH)

BEN. GYABU Vs HTFD. Ins. Co. of Illinois, ETAL.

REQUEST TO FILE EXH(1) & EXH(2) THAT WERE
SUPPOSED TO ACCOMPANY THE MOTION FOR
REVIEW DATED THE 5TH FEBR. 2004, BUT WERE
UNKNOWINGLY NOT ATTACHED TO THE MOTION BEFORE
MAILING IT TO THE COURT

Plaintiff has just discovered

that he might not have attached the referen-

ced EXH(1) and EXH(2) critical to the

Motion for Review/Reconsideration dated the 5th Febr.,

2004, before mailing it to the Court. The

Page 2

plaintiff therefore requests leave to file these referenced EXH(1) and EXH(2) to be attached to the motion as the Exhibits

The plaintiff sincerely apologizes for any resultant problems and inconveniences and pray the motion would be reviewed critically for a favourable consideration and the justice due the plaintiff to put a stop to the string of unfavourable Rulings which subject the plaintiff to MANIFEST INJUSTICES and their resultant IRREPARABLE DAMAGES.

As a result of lack of income due to the alleged UNLAWFUL acts of the defendants

Page 3

which is the <u>Subject Matter Of the action in</u> question, the plaintiff has been compelled to institute his actions pro se, without counsel nor legal expertise, causing him rampant dismissal of his actions in violation of the plaintiff's right to a Due Process and Equal Protection Of Laws as the following would testify to

E(1)        When the State Court did not have jurisdiction of the action: Bella Vista Condos Vs BEN. GYABU, pursuant to 28 USCS Sec. 1446(d) but the State Court refused to abide by the demands of the Law and so entered VOID orders that

Page 4

were intended to deprive the plaintiff of his home and property in violation of due process and Equal Protection of Laws, the pro se plaintiff sought refuge at the federal court about this lawless act and filed a Complaint at the federal court with an In Forma Pauperis Petition

This Court ^Sua Sponte dismissed the action: 3:00-CV-02282 (JCH) on the grounds that the action was frivolous and that the case: Bella Vista Condos Vs Ben Gyödu at the State Court was not even removed pursuant to 28 U.S.C.S. Sec. 1446 (d)

Page 5

because the fee-waiver petition was denied and therefore the action was not even commenced

From a copy of the federal practice and procedure whose copy is enclosed as EXH (7), however, it would be discovered that this Court's action was in grevious error

As a result of the Court's action which abandoned the plaintiff and left him at the mercy of the State Court's lawless acts, the pro se plaintiff lost his home to fraudulent acts of the Condominium management and he is now a Vagabond, which was not even doing the duties required of management

Page 6

homeless, without any job nor income and worse yet at a time he has physical limitations from a work injury

The federal Civil Practice and Procedure States : " The filing of a Complaint along with an in forma pauperis petition Constitutes Commencement of the action under Rule 3 "

This is not to mention the ff :

The U·S· Supreme Court holds that :

Complaint filed In Forma Pauperis is not automatically " Frivolous " so as to warrant Sua Sponte dismissal pursuant to

Page 7

Statute because complaint fails to state a claim

The frivolousness standard, authorizing sua sponte dismissal of an in forma pauperis complaint 'only if the petitioner cannot make any rational argument in law or fact which would entitle him or her to relief', is a 'more lenient' standard than that of Rule 12(b)(6),

Unless there is 'indisputably absent any factual or legal basis' for the wrong asserted in the complaint, the trial court "[i]n a close case," should

Page 8

permit the claim to proceed, at least, to the point where responsive pleadings are required" Neitzke Vs Williams, 109 S. Ct 1827 (1989) at 1830

The pro se plaintiff moved for a review of the courts action that sua sponte dismissed the action but the court denied the motion for review / re-consideration at the face of the fact that

(a) according to the rules of the civil procedure "Complaint filed with In Forma Pauperis Petition Constitutes Commencement of action"

Page 9

b) While this Court declared that the State Superior Court did not lose jurisdiction of the action, there was the MANDATE that returned jurisdiction of the action from the 2ND Circuit to the District Court as would be discovered on the enclosed EXH (6) dated the 18th Apr., 2002.

E.(2)    2ND  EXAMPLE

The plaintiff moved to dismiss the fore-closure action, Bella Vista Condos Vs BEN. GYAOU, which was instituted by the management to collect not only fees that had already been paid by the plaintiff but also to defraud the plaintiff

Page 10

Of Condominium Common charges after the so called management whose term of office had even expired and therefore did not have any authority as management, "out of the blue", fired the legally elected management Co., Samary Associates, and replaced it with one of their choice, S & W Management, without any prior notice let alone consent of the unit owners as demanded by the By-Laws of the Condominium Association

The Motion To Dismiss was denied by the State Superior Court without even a Memorandum Of decision as demanded by Sec. 64-1 of the CT Practice Book.

Page 11

The plaintiff appealed this prejudicial ruling

The State Appellate Court, however, dismissed the appeal as an action on a non-final judgement and sanctioned the Indigent, pro se plaintiff to pay $8,017 to cover the legal expenses of Bella Vista Condos for the defense of that appeal

When the Indigent, pro se plaintiff did not have funds to pay that monetary sanction of over $8,000, at a time the plaintiff did not have any money for even his basic subsistence as he does not have any at the present time,

Page 12

the State Appellate Court punished the Indigent
plaintiff by (i) dismissing all his actions before
the Court, including the appeal of a VOID
final judgement of the action: Bella Vista Condos Vs
Ben. Sycodu and (ii) barring his access to the Appellate Court

Bella Vista Condos, in whose

interest the plaintiff was punished, turned

around to use the same punishment of

dismissal of his plaintiff's appeal of the VOID

judgement, without its merits, to open the case

and set new law days so as to throw the

plaintiff out of his home and property onto the

streets in the cold Winter. When plaintiff

Page 13

realized that he is being confronted with an

eminent deprivation of his home and property

by acts of Double Jeopardy of the trial court

whose VOID judgement appeal was dismissed by

the Appellate court
without its merits except to punish the Indigent

plaintiff for not having funds to pay its monetary

sanctions to the same. Bella Vista Condos, the plaintiff

filed a complaint at the federal court against

the alleged act

                    That action : 3:02-CV-

00027 (GLG) was dismissed, Sua Sponte, by the

                    the issues of
court on the grounds that that initial action had

Page 14

already been decided by other Courts and further
the plaintiff failed to seek leave of Court, as
demanded by the sanctions of the 2nd
Circuit

This is where the 2nd Circuits
Sanctions stated very clearly that the Sanctions
was with respect to actions filed at the
2nd Circuit

As it would clearly be
discovered the pro se plaintiff has totally lost his
Constitutional rights before the Courts due to his
persistent pursuit of justice, pro se, against the
constant, unending wrongs committed against him

Page 15

constantly without anywhere to turn to for a relief

of the damaging effects such of those wrongful

actions against him except the Courts and his

attempts to get counsel for his actions have been,

so far, futile due to lack of funds caused

by the alleged unlawful acts of the defendants,

the subject matter of the action in question

which has also been dismissed

As a result of these kinds of

rampant dismissal of plaintiff's actions, leaving

the perpetrators of those alleged wrongful

actions UNPROSECUTED to continue their

Page 16

Lawless acts against the plaintiff, the plaintiff has been deprived his rights under the State Workers Compensation System, causing the plaintiff resultant Irreparable damages without anywhere to turn to for a relief

When the plaintiff's injury started giving him problems, the plaintiff requested a medical check-up.

The doctor asked for X-rays of the Injury but still to date, over two (2) years after the plaintiff's visit, the commission has not provided the needed records for the check-up

The plaintiff requested a formal

Page 17

hearing to address the Carrier's lawless acts
but till to date, over three (3) years of repeated
requests, the commissioners responsible have
ignored the plaintiff's requests, knowing that
there is nothing whatsoever the plaintiff
can do without getting himself sanctioned
further to complicate his problems

The U.S. Supreme Court in providing
the legislative history of 42 U.S.C.S Section 1983
stated the following: "It is abundantly clear
that one reason the legislation was passed was
to afford a federal right in federal courts

Page 18

because by reason of prejudice, passion, neglect, intolerance or otherwise, State laws might not be enforced and the claims of citizens to the enjoyment of rights, priviledges, and immunities guaranteed by the Fourteenth Amendment might be denied by the State agencies" Monroe V Pape 365 U.S. 167 (1961) at 180

The plaintiff's efforts to seek the federal court to protect and preserve his rights against the wrongs of the State Workers Compensation System which have been ruining the plaintiff's entire life at an unprecedented rate, have rather made

Page 19

the plaintiff appear a nuisance before the federal court, causing him the on-going rampant dismissal of his actions at sight, in violation of due process and Equal Protection Of Laws, leaving the pro se, indigent plaintiff to suffer the resultant destructive damages of the deprivation of rights, as alleged.

The plaintiff prays the court would critically evaluate the content of the NEW EVIDENCE presented as EXH(1) and EXH(2) which clearly establishes the much needed diversity jurisdiction to prosecute the action

EXH(1) States:

Hartford Ins. Co. Of

Page 20

Illinois was : " Organized under the Laws of

Illinois "

EXH (2) states that Hartford Insurance Co. of

Illinois was : " Incorporated in Illinois on

November 5, 1979, commenced operations on

Jan 1, 1980 "

CONCLUSION

The plaintiff prays with this NEW EVIDENCE

the Court would assume jurisdiction of the

action to make the defendants stand trial of the

alleged wrongs to put a stop to the string of

Page 21

unfavourable rulings which are issued just to follow the trend of previous unfavourable rulings, regardless.

The plaintiff sincerely apologizes for any problem that might have occured for mailing the motion for review/re-considera-tion without a copy of the CRITICAL NEW EVIDENCE referenced as EXH(1) and EXH(2)

Respectfully Submitted

BEN· GYABU,

P.O. BOX 4314,
Waterbury, CT 06704

CERTIFICATION

This is to certify that a copy of the fore-going

was mailed to the following:

(a)    Attorney Paul Pollock,

10 Middle Street ,

Bridgeport, CT 06604

(b)    The Law Office Of Lagnese, Danaher,

Tedford, Neal,

21 Oak Street, 7Th Floor

Hartford, CT 06106

Sincerely,

Ben. Gyadu
P. O. Box 4314,
Waterbury, CT 06704 .

APPENDIX

EXH(1)



* 3 8 2 8 8 2 0 0 2 2 0 1 0 0 1 0 0 *

# ANNUAL STATEMENT

**For the Year Ended December 31, 2002**
of the Condition and Affairs of the

# HARTFORD INSURANCE COMPANY OF ILLINOIS

| | |
|---|---|
| NAIC Group Code.....0091,      0091 | |
| (Current Period) (Prior Period) | NAIC Company Code..... 38288 | Employer's ID Number..... 06-1010609 |

Organized under the Laws of Illinois                                  State of Domicile or Port of Entry  Illinois

Country of Domicile   US

Incorporated..... November 5, 1979                                   Commenced Business..... January 1, 1980

| | | |
|---|---|---|
| Statutory Home Office | 4245 Meridian Parkway..... Aurora ..... IL ..... 60504 | |
| | (Street and Number)         (City or Town, State and Zip Code) | |
| Main Administrative Office | Hartford Plaza..... Hartford ..... CT ..... 06115-0000 | 860-547-5000 |
| | (Street and Number)         (City or Town, State and Zip Code) | (Area Code) (Telephone Number) |
| Mail Address | Hartford Plaza..... Hartford ..... CT ..... 06115-0000 | |
| | (Street and Number or P. O. Box)      (City or Town, State and Zip Code) | |
| Primary Location of Books and Records | 4245 Meridian Parkway..... Aurora ..... IL ..... 60504 | 630-692-8657 |
| | (Street and Number)         (City or Town, State and Zip Code) | (Area Code) (Telephone Number) |
| Internet Website Address | www.thehartford.com | |
| Statement Contact | David P. Halper | 630-692-8657 |
| | (Name) | (Area Code) (Telephone Number) (Extension) |
| | statement.questions@thehartford.com | 860-547-3622 |
| | (E-Mail Address) | (Fax Number) |
| Policyowner Relations Contact | Hartford Plaza..... Hartford ..... CT ..... 06115-0000 | 860-547-4707 |
| | (Street and Number)         (City or Town, State and Zip Code) | (Area Code) (Telephone Number) (Extension) |

## OFFICERS

President ..... David Kenneth Zwiener          Treasurer ..... John Nicholas Giamalis  #          Secretary ..... Brian Stuart Becker  #

### VICE PRESIDENTS

| | | | |
|---|---|---|---|
| Judith Ann Blades  # | Fredrick Henry Eppinger  # | Joseph Zigmund Gauches | Calvin  Hudson |
| James Paul Kennedy | David Richard Robb | Raymond James Sprague | Neal Stephen Wolin |
| David Harold Annis | Ann Boucher Glover  # | Randall Irwin Kiviat | David Mark Znamierowski |
| Brian Stuart Becker  # | Michael John Dury | John Nicholas Giamalis | Richard William Palczynski |
| Robert Jennings Price  # | | | |

### DIRECTORS OR TRUSTEES

| | | | |
|---|---|---|---|
| Ramani  Ayer | Randolph Amory Dalton | Timothy  Galvin III | David Philip Halper |
| Donald Joseph LaValley | Carol Diane Murphy | Neal Stephen Wolin | David Mark Znamierowski |
| David Kenneth Zwiener | | | |

State of........   Connecticut
County of.....   Hartford

The officers of this reporting entity being duly sworn, each depose and say that they are the described officers of said reporting entity, and that on the reporting period stated above, all of the herein described assets were the absolute property of the said reporting entity, free and clear from any liens or claims thereon, except as herein stated, and that this statement, together with related exhibits, schedules and explanations therein contained, annexed or referred to, is a full and true statement of all the assets and liabilities and of the condition and affairs of the said reporting entity as of the reporting period stated above, and of its income and deductions therefrom for the period ended, and have been completed in accordance with the NAIC *Annual Statement Instructions* and *Accounting Practices and Procedures* manual except to the extent that: (1) state law may differ; or, (2) that state rules or regulations require differences in reporting not related to accounting practices and procedures, according to the best of their information, knowledge and belief, respectively.

| | | |
|---|---|---|
| (Signature) | (Signature) | (Signature) |
| David Kenneth Zwiener | Brian Stuart Becker | John Nicholas Giamalis |
| (Printed Name) | (Printed Name) | (Printed Name) |
| President | Secretary | Treasurer |

Subscribed and sworn to before me this

.............day of ..............................................., 2003

..........................................................................

a. Is this an original filing?    Yes [ X ]   No [    ]

b. If no:   1. State the amendment number

2. Date filed.....

3. Number of pages attached.....

**MERGENT** Online

PRODUCT | ADMINISTRATION | CONTACT US | HELP

Home: | Basic Search: | Search Results: | Company Details

# Hartford Insurance Company of Illinois

| Company Details | Company Financials | Create Reports | EDGAR | News | Annual Reports | Research | Portraits | T

Synopsis | Highlights | **History** | Joint Ventures | Business | Property | Subsidiaries | Long Term Debt | Executives | Capital Stock

## History

Incorporated in Illinois on November 5, 1979. Commenced operations on January 1, 1980.

COPYRIGHT © 2003 MERGENT   |  PRIVACY POLICY  |  FEEDBACK

# United States Court of Appeals

## FOR THE
## SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 18th day of April two thousand and two,

Present:

    Hon. James L. Oakes,
    Hon. Dennis Jacobs,
    Hon. Guido Calabresi,
                    *Circuit Judges.*

---

Bella Vista Condos,

                    Plaintiff-Appellee,

          v.                                          01-7855

Benjamin F. Gyadu,

                    Respondent-Appellant.

---

Appellant has filed, *pro se,* motions seeking appointment of counsel and to consolidate his appeals. Upon due consideration, it is hereby ORDERED that the motion for appointment of counsel is denied because appellant has not made a showing of likely merit, *see* Cooper v. A. Sargenti Co., 877 F.2d 170, 172-74 (2d Cir. 1989), and it is FURTHER ORDERED that the appeal is dismissed because the appeal lacks an arguable basis in fact or law. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989); 28 U.S.C. § 1915(e)(2). It is FURTHER ORDERED that appellant's motion to consolidate appeals is denied as moot because both appeals, from the orders in the district court actions docketed in the court under 01mc-123 and 01mc-366, were docketed in this Court under 01-7855.

On December 10, 1999, this Court issued a leave-to-file sanction order against appellant. *See* Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591-92 (2d Cir. 1999). While such order did not apply to appeals filed by appellant "from a judgment rendered against [appellant] as a defendant," it is ORDERED that such leave-to-file sanction order is hereby amended to apply to any appeal filed, after the date of issuance of this order, in this Court where appellant initiated the federal court action. The leave-to-file sanction order therefore applies, but is not limited, to actions where, as here, appellant has initiated the federal court action by removing to a federal court a state court action in which he is a named defendant. In all other respects, the December 10, 1999 leave-to-file sanction order shall

**A TRUE COPY**

APR 18 2002  Roseann B. MacKechnie, CLER

ISSUED AS MANDATE 4/0/02

FOR THE COURT:
Roseann B. MacKechnie, Clerk


By: *Lucille Carr*

APR 18 2002

USCA Order 3

commenced by the filing of a complaint, even if the filing fees are not paid to the clerk at the time of the filing.[22]

### [7]—Complaint Filed With In Forma Pauperis Petition Constitutes Commencement of Action

A pro se plaintiff who cannot afford to pay court costs and fees may commence an action without paying costs and fees. These actions, called actions *in forma pauperis,* from the Latin "in the character of a pauper," or "poor person," may proceed only by permission of the court. Forma pauperis actions are authorized by statute.[23]

The filing of a complaint along with an in forma pauperis petition constitutes commencement of the action under Rule 3.[24] For example, in *Stephenson v. CNA Fin. Corp.,*[25] the defendant maintained that the action was barred by the statute of limitations because the applicable limitations period had expired prior to the date on which the court granted the plaintiff's in forma pauperis petition. The court rejected the defendant's argument, holding that the action was deemed to

---

[22] **Action commenced without payment of fees.** *See* Rogers ex rel. Jones v. Bowen, 790 F.2d 1550, 1552 (11th Cir. 1986) (action for judicial review of decision denying child insurance benefits commenced by filing regardless of untimely payment of required filing fee).

| | |
|---|---|
| *4th Circuit* | *See* Wells v. Apfel, 103 F. Supp. 2d 893, 895-899 (W.D. Va. 2000) (civil action was commenced when first filed, even though filing fee was not paid until later time; absent local rule or standing order requiring advance payment of filing fees, there was no legal authority for elevating payment of filing fee to jurisdictional requirement). |
| *7th Circuit* | *See* Johnson v. Brown, 803 F. Supp. 1414, 1418-1419 (N.D. Ind. 1992) (racial discrimination action commenced when complaint filed, even though filing fee not paid until two weeks later). |
| *11th Circuit* | *See* Rogers ex rel. Jones v. Bowen, 790 F.2d 1550, 1552 (11th Cir. 1986) (action for judicial review of decision denying child insurance benefits commenced by filing regardless of untimely payment of required filing fee). |

[23] 28 U.S.C. § 1915(a), the statutory authorization for in forma pauperis actions, provides, in pertinent part:

Subject to subsection (b), any court of the United States may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [*sic*] possesses [*and*] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

[24] *See* 28 U.S.C. § 1915.

[25] Stephenson v. CNA Fin. Corp., 777 F. Supp. 596, 598-599 (N.D. Ill. 1991).

(Matthew Bender & Co., Inc.)                                    (Rel.130–6/01  Pub.410)