The U.S. District FILED

2004 MAR 31 A 9 51
U.S. DISTRICT COURT
BRIDGEPORT, CONN

915 Lafayette Blvd

Bridgeport, CT 06604

Date: 24th March, 2004

BEN. G-t Agu Vs Htfd. Ins. Co. Of Illinois, Et Al.

Doc. #: 3:02-CV-01615 (JCH)

## MOTION TO STAY

Plaintiff moves for a Stay of Proceedings on the notice of appeal due to the following:

A. The District Court would be able to review the plaintiff's Motion To Set Aside Judgement On Voidness Grounds per

Page 2

Rule 60(b)(4) There is no time limit to file a Motion To Set Aside Judgement On Voidness Grounds. Please, see Precision Etchings & Findings, Inc. Vs LGP Gem Ltd., C.A. 1st, 1992, 953 F. 2d 21, 22. Please, see also 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2862 at 197 (1973)

2. The Court has entered a void judgement against the pro se plaintiff in violation of the due process clause of the Fifth Amendment as set forth under the plaintiff's Motion To Set Aside. This is

Page 3

as a result of the Court's action by which the Court is taking an action to end the litigation on the grounds that there must be an end to a litigation, regardless of the consequential manifest injustices which would otherwise be meted upon the plaintiff, and due to that determination, the Court is refusing to evaluate papers and hence evidence that prove that there is a diversity jurisdiction to make the defendants stand trial for the alleged wrongs.

The Court has taken an action inconsistent with the due process of Law. Hence

Page 4

the judgement is VOID and must be Set Aside.

"A judgement is not void merely because it is erroneous. It is void only if the Court that rendered judgement lacked jurisdiction of the Subject matter, or of the parties, or if the Court acted in a manner inconsistent with due process Of Law."
Please, see 11 C. Wright a A. Miller, Fed. P. & Procedure Sec. 2862 at 198-200 (1973) Please, see also IN RE CENTRE WHOLESALE, INC., 759 F. 2d 1440 (1985) at 1448

This is not to mention the fact that this Court denied the plaintiff's Motion For Review

Page 5

under the action: BEN. GYAYU vs HTFD. INS. Co.; Doc. #: 3:96-CV-00658 (JCH) on the grounds that the plaintiff did not provide any NEW EVIDENCE nor was there any MANIFEST INJUSTICE that needed to be prevented and due to that it is expected that now that under this action in question the plaintiff has submitted a NEW EVIDENCE to be evaluated to prove beyond any doubt that there is the Diversity Jurisdiction and additionally there exist a need to prevent an EMINENT Manifest Injustice, the Court would, at least, evaluate

the NEW EVIDENCE but not even refuse its filing and further allow the plaintiff to be subjected to the on going Manifest Injustices

The Court has, however, even refused to accept for filing, the NEW EVIDENCE that proves beyond any reasonable doubt there exist the Diversity Jurisdiction, leaving the defendants unprosecuted to continue their wrongful actions against innocent people, such as the plaintiff, for their own gain

## CONCLUSION

Based upon all the above the plaintiff pray the Notice Of Appeal would be Stayed

so that the Court would set Aside the VOID Judgement pursuant to Rule 60(b)(4)

Enclosed is a copy of the Court's Order that denied the Motion for Re-Consideration under the action: 3:96-cv-00658 (JCH)

Respectfully Submitted

BEN. GYAGU,

P.O. BOX 4314,

WATERBURY, CT 06704

## CERTIFICATION

This is to certify that a copy of the fore-going was mailed to the ff:

(1) Attorney Paul Pollock,

10 Middle Street,

Bridgeport, CT 06604

(2) The Law Office Of Tedford, Neal, Lagnese,

21 Oak Street, 7th Floor,

Hartford, CT 06106

Sincerely,

Ben. Gyadu,

P.O. Box 4314,

Waterbury, CT 06704

3:96-cv-00658

Ben F. Gyadu  
PO Box 4314  
Waterbury, CT  06704

ymg

------------------------------

------------------------------

Dkt. No. 87 DENIED. The plaintiff seeks reconsideration of the court's ruling [Dkt. No. 85] in which it denied the plaintiff's Motion to Re-open and Vacate the Lack of Diversity Jurisdiction Dismissal Ruling [Dkt. No. 84]. The Second Circuit has stated that reconsideration is appropriate only under certain conditions: an intervening change in controlling law, new evidence, or the need to correct a clear error of law or to prevent manifest injustice. United States v. Sanchez, 35 F.3d 673, 677 (2d Cir.1994). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995). A motion to reconsider "should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. at 257. In this case, the plaintiff has not pointed to any new law, new facts, or other matters overlooked by the court in its previous ruling. Further, the plaintiff makes identical arguments to those previously made and rejected. The plaintiff's motion for a reconsideration [Dkt. No. 87] is therefore denied. SO ORDERED.

DATE: August 22, 2001

#81

FILED
JUN 4 56 PM '01
CLERK
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

The U.S. District Court
Bridgeport, Conn. 06604
Date: 29th May, 2001.
Doc.#: 3:96-CV-006-58 (JCH)

## MOTION FOR A RE-CONSIDERATION

The plaintiff moves for an urgent and critical re-consideration of the court's order which denied the plaintiff's "Motion To Re-Open And Vacate The Lack Of Diversity Jurisdiction Ruling".

In that way the Court could evaluate critically the plaintiff's argument and correct any possible clear error of law or prevent any manifest injustice which would otherwise occur,