FILED The U.S. District Court,

2004 APR -8 P 2: 15
U.S. DISTRICT COURT
BRIDGEPORT. CONN

915 Lafayette Blvd. ,

BRIDGEPORT, CT 06604

DATE: 24th MARCH, 2004

BEN. GYASU Vs HTFD. INS. Co. OF ILLINOIS, ET AL.

Doc. #: 3:02-CV-01615 (JCH)

## MOTION TO OPEN AND SET ASIDE JUDGE-MENT AS VOID PURSUANT TO RULE 60(b)(4)

Pursuant to Rule 60(b)(4)

which authorizes relief from void judgements,

the plaintiff moves to Open And Set Aside

the judgement on voidness grounds

1

Based upon the following it would clearly

Page 2

be discovered that the Court's action upon which

judgement was entered against the pro se

plaintiff is inconsistent with the Due Process

Of Law

Hence the judgement is Void

and must be Set Aside accordingly to

prevent the eminent Consequential damages,

Irreparable or Otherwise, upon the plaintiff's

life.    FACTS:    The Court ruled against the

F(1)

pro se plaintiff based upon lack of Diversity

Jurisdiction

F(2)    The plaintiff moved for a Re-Consideration

Page 3

to provide the Court with an Evidence, ExH(1)a ExH(2), that proved beyond any doubt that there was the needed Diversity Jurisdiction to make the defendants stand trial for the alleged wrongs against the plaintiff

F(3)        The plaintiff mailed the papers for Review/Re-consideration without realising that he did not enclose copies of the documents, ExH(1) a ExH(2), that prove that there was the Diversity Jurisdiction

F(4) When the plaintiff discovered later that he unknowingly did not enclose the critical documents,

Page 4

EXH(1) & EXH(2), with his motion for the Courts

evaluation, the plaintiff moved to request

that he files those critical documents that

were not enclosed with the Motion for Review

F(5) EXH(1) states that

Hartford Insurance Co.

of Illinois, as the name may suggest, was

"organised under the Laws Of Illinois"

Hartford Insurance Co. of Illinois

was "Organised under the Laws Of Illinois"

EMPHASIS Added

Hence the defendant

Of plaintiff's action is an out of State company and

Page 5

therefore the Court has the needed diversity

Jurisdiction

F(6) Ex H(2) states:

Hartford Ins. Co. Of Illinois

was "incorporated in Illinois on November 5,

1979. Commenced operations on January 1, 1980"

Ex H(2) makes it abundantly clear

that for the defendant, Hartford Ins. Co.

of Illinois, to be organised under the

Laws of Illinois and further to be incorpo-

rated in Illinois, the defendant, Htfd Ins Co of Illinois,

is

an out of State Company

Hence the District

Page 6

Court has the needed diversity Jurisdiction

F(7)   The Court denied the Motion for Review/Re-Con-
sideration as expected stating: "There is no
basis to re-consider." This ruling was expected
as the critical documents, i.e., EXH(1) and EXH(2),
were not enclosed with the motion for review.

F(8)  The Court denied as well the plaintiff's request
to file EXH(1) and EXH(2) which were critical
to the Motion for Review
The plaintiff was not
expecting, in any way, that the Court would refuse

Page 7

the filing of those two documents as they were

critical to the Motion for Review/Re-Consideration

The plaintiff was therefore dumb-

founded and shocked to realize that the Court

has entered a ruling of lack of Diversity Jurisdic-

tion, that leaves the defendants unprosecuted

to continue the alleged wrongs against the

plaintiff and anybody in the plaintiff's situa-

tion, when infact there was the needed

Diversity Jurisdiction but the Courts action has

prevented any evaluation of those documents that

prove beyond any reasonable doubt that there

Page 8

exist the needed diversity Jurisdiction

F(9)   The Court denied also the plaintiff's Motion

To Open without any Memorandum of

decision, leaving the plaintiff wondering why

at the face of all the facts that warrant

the re-opening of the case, the Court should

still deny the motion.

The Court additionally granted 1st Defendants Motion To Dismiss Which was Exceedingly Out of time.

8.

SUBJECTION OF PLAINTIFF TO A VOID JUDGEMENT

Under 11 C. Wright & A. Miller, Fed. Practice

and Procedure Sec. 2862 at 197 (1973), it is held that

If a judgement is void, a motion to set it

Page 9

aside, may be brought at any time" Please,

see also cases cited in

          "  A judgement is not void

merely because it is errorneous. It is void

only if the court that rendered judgement

lacked jurischction of the subject matter or of

the parties, or if the court acted in a manner

inconsistent with due process of law" 11 C.

Wright & A. Miller, Fed. Practice & Procedure sec.

2862 at 198 - 200 (1973)

          This Court has denied all the

plaintiff's previous motions for re-consideration

Page 10

under the provisions of the case law United

States Vs. Sanchez, 35 F. 3d 673, 677 (2nd Cir. 1994)

It follows therefore that the

Court's action, by which the Court denied the plain-

tiff's request to file those two documents, i.e., ExH(1)

and ExH(2), which provide the Evidence critical

to the needed Diversity Jurisdiction and thereby

not only refused the filing of those documents

which show that there is the needed Diversity

Jurisdiction but also refused the evaluation or

the Consideration of the critical Evidence that

points to the fact that the Court has the

Page 11

Swersity Jurisdiction to make the defendant stand trial of the alleged wrongs and thus entered a judgement that was based upon lack of Swersity Jurisdiction when there was the Swersity Juris-diction but the Court refused to consider the Evidence, is INCONSISTENT with the Due Process Of law and it equally subjects the plaintiff to an arbitrary judgement, in violation of NOT ONLY Due Process but Equal Protection Of Laws

Hence the judgement is VOID and must be set Aside accordingly, pursuant to Fed. R. Civ. P. 60(b)(4). Please, see Winhoven Vs.

Page 12

United States, 201 F. 2d 174, 175 (9th Cir. 1952)

where the Court held:

A judgement may be set

Aside on Voidness grounds under Rule 60 (b)(4)

for a violation of the due process clause of

the Fifth Amendment

The Court's judgement, as alleged,

is not only in violation of the Due Process Of

Law but the judgement equally deprives the

pro se plaintiff the Equal Protection Of Laws

and must therefore be Set Aside on Voidness

grounds to allow justice to take its course

and prevent its resultant Manifest Injustice

Page 13

whose effect has ruined the plaintiff's life.
This is not to mention the fact that the Court granted the 1st defendants' outrageous Out of Time Motion To dismiss against plaintiffs objection.

<u>CONCLUSION</u>

Based upon all the above the plaintiff

prays the " Motion To Open And Set Aside

Judgement On Voidness Grounds Pursuant To

Rule 60(b)(4) " would be granted so that

the defendants would be made to stand trial

for the alleged wrongs and put a stop to the

unending Manifest Injustices which have been

causing an unprecedented rate of ruin to

plaintiff's life .

Respectfully Submitted .
BEN. GYABU P.O. BOX 4314,
WATERBURY, CT 06704

## CERTIFICATION

This is to certify that a copy of the fore-going was mailed to the ff:

(a)    Attorney Paul Pollock,

10 Middle Street,

Bridgeport, CT 06604

b    The Law Office of Jedford, Lagnese,

Neal, 21 Oak Street, 7th floor,

Hartford, CT 06106

Sincerely,

Ben- Gyadu,

P.O. Box 4314,

Waterbury, CT 06604



PROPERTY AND CASUALTY COMPANIES - ASSOCIATION EDITION

*3 8 2 8 8 2 0 0 2 2 0 1 0 0 1 0 0 *

# ANNUAL STATEMENT

**For the Year Ended December 31, 2002**
of the Condition and Affairs of the

# HARTFORD INSURANCE COMPANY OF ILLINOIS

NAIC Group Code.....0091,        0091                  NAIC Company Code..... 38288                    Employer's ID Number..... 06-1010609
               (Current Period) (Prior Period)

Organized under the Laws of Illinois                              State of Domicile or Port of Entry  Illinois

Country of Domicile    US

Incorporated..... November 5, 1979                                Commenced Business..... January 1, 1980

Statutory Home Office                    4245 Meridian Parkway..... Aurora ..... IL ..... 60504
                                         (Street and Number)      (City or Town, State and Zip Code)

Main Administrative Office               Hartford Plaza..... Hartford ..... CT ..... 06115-0000            860-547-5000
                                         (Street and Number)      (City or Town, State and Zip Code)       (Area Code) (Telephone Number)

Mail Address                             Hartford Plaza..... Hartford ..... CT ..... 06115-0000
                                         (Street and Number or P. O. Box)     (City or Town, State and Zip Code)

Primary Location of Books and Records    4245 Meridian Parkway..... Aurora ..... IL ..... 60504            630-692-8657
                                         (Street and Number)      (City or Town, State and Zip Code)       (Area Code) (Telephone Number)

Internet Website Address                 www.thehartford.com

Statement Contact                        David P. Halper                                                   630-692-8657
                                         (Name)                                                            (Area Code) (Telephone Number) (Extension)
                                         statement.questions@thehartford.com                              860-547-3622
                                         (E-Mail Address)                                                  (Fax Number)

Policyowner Relations Contact            Hartford Plaza..... Hartford ..... CT ..... 06115-0000            860-547-4707
                                         (Street and Number)      (City or Town, State and Zip Code)       (Area Code) (Telephone Number) (Extension)

## OFFICERS

President ..... David Kenneth Zwiener          Treasurer ..... John Nicholas Giamalis  #          Secretary ..... Brian Stuart Becker  #

### VICE PRESIDENTS

| | | | |
|---|---|---|---|
| Judith Ann Blades  # | Fredrick Henry Eppinger  # | Joseph Zigmund Gauches | Calvin  Hudson |
| James Paul Kennedy | David Richard Robb | Raymond James Sprague | Neal Stephen Wolin |
| David Harold Annis | Ann Boucher Glover  # | Randall Irwin Kiviat | David Mark Znamierowski |
| Brian Stuart Becker  # | Michael John Dury | John Nicholas Giamalis | Richard William Palczynski |
| Robert Jennings Price  # | | | |

### DIRECTORS OR TRUSTEES

| | | | |
|---|---|---|---|
| Ramani  Ayer | Randolph Amory Dalton | Timothy  Galvin III | David Philip Halper |
| Donald Joseph LaValley | Carol Diane Murphy | Neal Stephen Wolin | David Mark Znamierowski |
| David Kenneth Zwiener | | | |

State of........    Connecticut
County of.....  ·  Hartford

The officers of this reporting entity being duly sworn, each depose and say that they are the described officers of said reporting entity, and that on the reporting period stated above, all of the herein described assets were the absolute property of the said reporting entity, free and clear from any liens or claims thereon, except as herein stated, and that this statement, together with related exhibits, schedules and explanations therein contained, annexed or referred to, is a full and true statement of all the assets and liabilities and of the condition and affairs of the said reporting entity as of the reporting period stated above, and of its income and deductions therefrom for the period ended, and have been completed in accordance with the NAIC *Annual Statement Instructions* and *Accounting Practices and Procedures* manual except to the extent that: (1) state law may differ; or, (2) that state rules or regulations require differences in reporting not related to accounting practices and procedures, according to the best of their information, knowledge and belief, respectively.

(Signature)                              (Signature)                              (Signature)

David Kenneth Zwiener                    Brian Stuart Becker                      John Nicholas Giamalis
(Printed Name)                           (Printed Name)                           (Printed Name)
President                                Secretary                                Treasurer

Subscribed and sworn to before me this

.............day of ..........................................................., 2003

............................................................................................

a. Is this an original filing?    Yes [ X ]    No [      ]

b. If no:     1. State the amendment number

              2. Date filed.....

3. Number of pages attached.....

**MERGENT** Online

LOGOUT | ADMINISTRATION | CONTACT US | HELP

Wednesday, November 26, 2003 4:11:??

MERGENT

Home: | Basic Search: | Search Results: | Company Details

# Hartford Insurance Company of Illinois

| Company Details | Company Financials | Create Reports | EDGAR | News | Annual Reports | Research | Portraits | T

Synopsis | Highlights | **History** | Joint Ventures | Business | Property | Subsidiaries | Long Term Debt | Executives | Capital Stock

## History

Incorporated in Illinois on November 5, 1979. Commenced operations on January 1, 1980.

COPYRIGHT © 2003 MERGENT  |  PRIVACY POLICY  |  FEEDBACK

Dkt. No. 87 DENIED. The plaintiff seeks reconsideration of the court's ruling [Dkt. No. 85] in which it denied the plaintiff's Motion to Re-open and Vacate the Lack of Diversity Jurisdiction Dismissal Ruling [Dkt. No. 84]. The Second Circuit has stated that reconsideration is appropriate only under certain conditions: an intervening change in controlling law, new evidence, or the need to correct a clear error of law or to prevent manifest injustice. United States v. Sanchez, 35 F.3d 673, 677 (2d Cir.1994). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995). A motion to reconsider "should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. at 257. In this case, the plaintiff has not pointed to any new law, new facts, or other matters overlooked by the court in its previous ruling. Further, the plaintiff makes identical arguments to those previously made and rejected. The plaintiff's motion for a re-consideration [Dkt. No. 87] is therefore denied. SO ORDERED.

DATE: August 22, 2001

FILED

JUN 4 56 PM '01

(CLERK)
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

The U·S· District Court

Bridgeport, Conn. 06604

Date : 29th May, 2001 .

Doc·#: 3:96-CV-006-58 (JCH)

## MOTION FOR A RE-CONSIDERATION

The plaintiff moves for an urgent and critical re-consideration of the court's order which denied the plaintiff's "Motion To Re-open And Vacate The Lack Of Diversity Jurisdiction Ruling".

In that way the Court could evaluate critically the plainti-ff's argument and correct any possible clear error of law or prevent any manifest injustice which would otherwise occur,