**FILED**

2004 APR 26  P 3: 26

U.S. DISTRICT COURT
BRIDGEPORT, CONN

The U.S. District Court,

915 Lafayette Blvd.,

Bridgeport, CT 06604

Date: 20th Apr., 2004

Doc. #: 3:02-CV-01615 (JCH)
BEN. GYASU Vs Hartford Ins. Co. Of Illinois, ET AL

MOTION TO SET ASIDE PURSUANT TO RULE 60(b)(4)

    The plaintiff moves to set Aside pursuant to Rule 60(b)(4), the Order that denied the Motion For A Stay

    The Court denied the motion on the grounds that the plaintiff had failed "to state a good cause."

In the

Page 2

Motion for A Stay the plaintiff declared that the basis for the Motion To Stay are provided in his Motion To Set Aside

The plaintiff stated at page 2 under sub-section B as ff;

"The Court has entered a VOID judgement against the pro se plaintiff in violation of the due process Clause of the Fifth Amendment as set forth under the plaintiff's Motion To Set Aside."

"as set forth under the plaintiff's Motion To Set Aside" EMPHASIS added.

The Court, however, denied the

Page 3

Motion To Stay *before* the Motion To Set Aside was even received at the Court. Please, see the enclosed copies of the endorsement orders.

The Court therefore denied the Motion To Stay "for failure to state a good cause" *without* having the Motion To Set Aside to determine whether or not the plaintiff had "failed" to state a "good cause."

The Court therefore acted in a manner inconsistent with the due process of law, in violation of the due

Page 4

Process Clause Of the Fifth Amendment. Please, see Winhoven Vs United States, 201 F. 2d 174, 175 (9th Cir. 1952)

The Order that denied the Motion To Stay is therefore VOID for a violation Of the Due Process Clause Of the Fifth Amendment and must be Set Aside accordingly, pursuant to Rule 60(b)(4)

"A judgement is not void merely because it is erroneous. It is void only if the Court that rendered judgement lacked jurisdiction of the subject matter, or of the parties, or if the Court acted in a

Page 5

manner inconsistent with due process of law" Please, see 11 C. Wright & A Miller, Fed. P & Procedure Sec. 2862 at 198-200 (1973) Please, see also IN RE CENTRE WHOLESALE, INC. 759 F. 2d 1440 (1985) at 1448

The Order that denied the Motion to Stay must be set aside on Voidness grounds so that the Court could examine the documents that prove beyond every reasonable doubt the Court has the needed Diversity Jurisdiction

to make the defendants stand trial for the alleged wrongs committed against the plaintiff

## CONCLUSION

Based upon all the above, the plaintiff prays this motion would be granted to put a stop to the perpetual MANIFEST Injustices which have been meted upon the pro se plaintiff constantly because he is not an attorney and does not have the funds to pay for the services of a legal counsel

Respectfully Submitted
BEN. SYASU
P.O. BOX 4314,
WATERBURY, CT 06704

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed to the ff:

(a) Attorney Paul Pollock,

10 Middle Street,

Bridgeport, CT 06604

(b) The Law Office of Danaher, Lagnese,

Tedford, Neal, 21 Oak Street, 7th Floor,

Hartford, CT 06106

Sincerely,

BEN. GYADU,

P.O. BOX 4314

Waterbury, CT 06704

The U.S. District Court

915 Lafayette Blvd.

Bridgeport, CT 06604

Date: 24th March, 2004

BEN. G. ABU Vs Htfd. Ins. Co. Of Illinois, ET AL
Doc. #: 3:02-CV-01615 (JCH)

## MOTION TO STAY

Plaintiff moves for a Stay of proceedings on the notice of appeal due to the following:

A. The District Court would be able to review the plaintiff's Motion To Set Aside Judgement On Voidness Grounds per

[margin annotations: 02cv1615end; Motion denied for failure to state a good cause to defend. SO ORDERED. 4/1/04; FILED stamps APR -5 '05 and MAR 31 A 9:51]

78/79

The U.S. District Court,
915 Lafayette Blvd.,
BRIDGEPORT, CT 06604

DATE: 24th MARCH, 2004

BEN. GYASU Vs HTFD. INS. CO. OF ILLINOIS, Et Al
DOC. #: 3:02-CV-01615 (JCH)

MOTION TO OPEN AND SET ASIDE JUDGEMENT AS VOID PURSUANT TO RULE 60(b)(4)

Pursuant to Rule 60(b)(4) which authorizes relief from void judgements, the plaintiff moves to Open And Set Aside the judgement on voidness grounds

1. Based upon the following it would clearly