**FILED**  The District Court Of CT,

2004 MAY -3 P 2:42    915 Lafayette Blvd.,

U.S. DISTRICT COURT
BRIDGEPORT, CONN

Bridgeport, CT 06604

Date: 21st Apr., 2004.

Doc.#: 3:02-CV-01615 (JCH)
BEN. GYAMU Vs HTFD. INS. CO. OF ILLINOIS, ET AL -

## MOTION TO RE-CONSIDER

The plaintiff moves for a re-consideration of the order which denied the Motion to Set Aside the judgement on Voidness grounds pursuant to Rule 60(b)(4)

### BASIS FOR RE-CONSIDERATION

In denying the plaintiff's previous motions for re-consideration/review

Page 2

This Court has been holding that the motions do not meet the standard for granting motions for Re-consideration/Review as set forth by the 2nd Circuit under the case law United States vs Sanchez, 35 F. 3d 673, 677 (2nd Cir., 1994)

The Court then concludes with a quote from the case law Shrader vs. CSX Transp., Inc., 70 F. 3d 255 (2nd Cir., 1995) at 257 stating that a motion to re-consider "should not be granted where the moving party seeks solely to relitigate an issue

already decided". The plaintiff has enclosed a copy of one of such decisions for any reference that might be needed

FACTS

A.  As a result of the Courts action by which the Court denied the plaintiff's "Motion For A Stay" "for failure to state a good cause" when in fact the Motion To Set Aside, upon which the Court could determine whether or not the plaintiff had failed to state a good cause, had not even been received at the Court for the Court to make that determination, the

Court's denial of the Motion To Set Aside Judgement on Vaidness grounds fails to consider the <u>critical new evidence</u> and thereby leaves the VOID judgement against the pro se plaintiff, depriving the indigent, pro se plaintiff a due process and Equal Protection Of Laws to cause him to suffer Consequential Irreparable Damages while leaving the perpetrators of those alleged wrongs to continue to ruin innocent people's lifes for their gain.

    As it would clearly be discovered,

it is not only that the Court is yet to review the alleged NEW EVIDENCE which proves that there is the needed diversity jurisdiction but the critical issue has not been decided

The plaintiff therefore does not seek to relitigate any issue that has already been decided nor does he seek the Court to review or examine a NEW EVIDENCE when none exist

B/ DEPRIVATION OF CONSTITUTIONAL RESTRAINTS & PROCEDURAL DUE PROCESS

Further, there exist a need for the Court to review its action by which the plaintiff

Page 6

has been made to suffer the loss of his Workers' Compensation income and thus a loss of his only means for his basic subsistence without any constitutional restraints nor procedural due process as set forth by the U.S. Supreme Court under Goldberg Vs Kelly, 90 S. Ct 1011 (1970)

The Court holds the ff:

(i) "Relevant constitutional restraints apply to withdrawal of public assistance benefits"

(ii) "Extent to which procedural due process must

be afforded welfare recipient is influenced by extent to which he may be condemned to suffer grievous loss and depends on whether recipients interest in avoiding that loss outweighs governmental interest in summary adjudication."

## C. A NEED TO PREVENT MANIFEST INJUSTICE

According to this Courts previous rulings about a standard for granting a Motion for Review, a need to prevent manifest injustice is one of the considerations for granting a motion for review/re-consideration

Page 8

It follows therefore that for as long as there exist a Diversity Jurisdiction to make the defendants stand trial for the alleged wrongs, as it would be discovered from the enclosed EXH(1) and EXH(2), the plaintiff would be subjected to grevious MANIFEST INJUSTICE, if the judgement of Lack of Diversity Jurisdiction is not reversed to prosecute the defendants and plaintiff is left to suffer its on-going consequential Irreparable Damages due to (i) lack of funds to meet even the basic subsistence and

(q)

(ii) the effect of the on-going sanctions which, in effect, deprive the pro se plaintiff an access to the Courts and a fair treatment before the laws, causing potential attorneys, whom the pro se plaintiff had contacted to take his actions, to refuse to take the plaintiff's actions

The motion for review must therefore be granted as there exist a need to prevent manifest injustice

## CONCLUSION

1/ EXH(1) states:
(a) Hartford Insurance Company

of Illinois, as the name may suggest, was "Organized under the Laws of Illinois" Hartford Insurance Co. of Illinois was "organized under the <u>Laws Of Illinois</u>" Emphasis added.

(6) Statutory Home Office: 4245 Meridan Parkway, Aurora, Illinois 60504

II Exh(2) States: Hartford Insurance Co. Of IL was "Incorporated in Illinois on November 5, 1979. Commenced operations on January 1, 1980." Hartford

Insurance Co. Of Illinois was "**Incorporated in Illinois** on November 5, 1979." Emphasis added

As it would, without any doubt whatsoever, EXH(1) and EXH(2) make it abundantly clear that there exist a Diversity Jurisdiction for the Court to prosecute the action

Further, the Court granted the 1st defendants' Exceedingly out of Time Motion To Dismiss.

In considering all the facts as put forth, the plaintiff prays the Motion for Re-Consideration/Review would be granted so that the defendants would

be made to stand trial for the alleged wrongs to stop the on-going cycle of Injustices against the pro se, indigent plaintiff.

Respectfully Submitted.

Ben. Gyedu

P. O. Box 4314

Waterbury, CT 06704

CERTIFICATION

This is to certify that a copy of the fore-going was mailed to the ff:

(a) The Law Office Of Danaher, Neal, Tedford,

21 Oak Street, 7th Floor,

Hartford, CT 06106

(b) Attorney Paul Pollock,

10 Middle Street,

Bridgeport, CT 06604

Sincerely,

Ben. Gyadu, P.O. Box 4314,

Waterbury, CT 06704

EXH (1)
Case 3:02-cv-01615-JCH   Document 83   Filed 05/03/2004   Page 14 of 17

**PROPERTY AND CASUALTY COMPANIES - ASSOCIATION EDITION**


*38288200220100100*

# ANNUAL STATEMENT

For the Year Ended December 31, 2002
of the Condition and Affairs of the

# HARTFORD INSURANCE COMPANY OF ILLINOIS

NAIC Group Code.....0091,        0091                         NAIC Company Code..... 38288                Employer's ID Number..... 06-1010609
                  (Current Period) (Prior Period)

Organized under the Laws of Illinois                                            State of Domicile or Port of Entry  Illinois
Country of Domicile    US
Incorporated..... November 5, 1979                                              Commenced Business..... January 1, 1980

| | | |
|---|---|---|
| Statutory Home Office | 4245 Meridian Parkway..... Aurora ..... IL ..... 60504 | |
| | (Street and Number)    (City or Town, State and Zip Code) | |
| Main Administrative Office | Hartford Plaza..... Hartford ..... CT ..... 06115-0000 | 860-547-5000 |
| | (Street and Number)    (City or Town, State and Zip Code) | (Area Code) (Telephone Number) |
| Mail Address | Hartford Plaza..... Hartford ..... CT ..... 06115-0000 | |
| | (Street and Number or P. O. Box)    (City or Town, State and Zip Code) | |
| Primary Location of Books and Records | 4245 Meridian Parkway..... Aurora ..... IL ..... 60504 | 630-692-8657 |
| | (Street and Number)    (City or Town, State and Zip Code) | (Area Code) (Telephone Number) |
| Internet Website Address | www.thehartford.com | |
| Statement Contact | David P. Halper | 630-692-8657 |
| | (Name) | (Area Code) (Telephone Number) (Extension) |
| | statement.questions@thehartford.com | 860-547-3622 |
| | (E-Mail Address) | (Fax Number) |
| Policyowner Relations Contact | Hartford Plaza..... Hartford ..... CT ..... 06115-0000 | 860-547-4707 |
| | (Street and Number)    (City or Town, State and Zip Code) | (Area Code) (Telephone Number) (Extension) |

## OFFICERS

President ..... David Kenneth Zwiener        Treasurer ..... John Nicholas Giamalis  #        Secretary ..... Brian Stuart Becker  #

### VICE PRESIDENTS

| | | | |
|---|---|---|---|
| Judith Ann Blades  # | Fredrick Henry Eppinger  # | Joseph Zigmund Gauches | Calvin Hudson |
| James Paul Kennedy | David Richard Robb | Raymond James Sprague | Neal Stephen Wolin |
| David Harold Annis | Ann Boucher Glover  # | Randall Irwin Kiviat | David Mark Znamierowski |
| Brian Stuart Becker  # | Michael John Dury | John Nicholas Giamalis | Richard William Palczynski |
| Robert Jennings Price  # | | | |

### DIRECTORS OR TRUSTEES

| | | | |
|---|---|---|---|
| Ramani Ayer | Randolph Amory Dalton | Timothy Galvin III | David Philip Halper |
| Donald Joseph LaValley | Carol Diane Murphy | Neal Stephen Wolin | David Mark Znamierowski |
| David Kenneth Zwiener | | | |

State of........   Connecticut
County of.....   Hartford

The officers of this reporting entity being duly sworn, each depose and say that they are the described officers of said reporting entity, and that on the reporting period stated above, all of the herein described assets were the absolute property of the said reporting entity, free and clear from any liens or claims thereon, except as herein stated, and that this statement, together with related exhibits, schedules and explanations therein contained, annexed or referred to, is a full and true statement of all the assets and liabilities and of the condition and affairs of the said reporting entity as of the reporting period stated above, and of its income and deductions therefrom for the period ended, and have been completed in accordance with the NAIC *Annual Statement Instructions* and *Accounting Practices and Procedures* manual except to the extent that: (1) state law may differ; or, (2) that state rules or regulations require differences in reporting not related to accounting practices and procedures, according to the best of their information, knowledge and belief, respectively.

| | | |
|---|---|---|
| (Signature) | (Signature) | (Signature) |
| David Kenneth Zwiener | Brian Stuart Becker | John Nicholas Giamalis |
| (Printed Name) | (Printed Name) | (Printed Name) |
| President | Secretary | Treasurer |

Subscribed and sworn to before me this

..............day of .........................................., 2003

a. Is this an original filing?    Yes [ X ]    No [    ]

b. If no:   1. State the amendment number
           2. Date filed.....
           3. Number of pages attached.....

# MERGENT Online

# Hartford Insurance Company of Illinois

| Company Details | Company Financials | Create Reports | EDGAR | News | Annual Reports | Research | Portraits | T
Synopsis | Highlights | **History** | Joint Ventures | Business | Property | Subsidiaries | Long Term Debt | Executives | Capital Stock

## History

Incorporated in Illinois on November 5, 1979. Commenced operations on January 1, 1980.

COPYRIGHT © 2003 MERGENT  |  PRIVACY POLICY  |  FEEDBACK

The U.S. District Court

915 Lafayette Blvd

Bridgeport, CT 06604

Date: 24th March, 2004

BEN. G. YADU Vs Htfd. Ins. Co. Of Illinois, ET AL

Doc. #: 3:02-CV-01615 (JCH)

## MOTION TO STAY

Plaintiff moves for a Stay of proceedings on the notice of appeal due to the following:

A. The District Court would be able to review the plaintiff's Motion To Set Aside Judgement On Voidness Grounds per

[Margin annotations: "FILED 2004 MAR 31 A 9 51 U.S. DISTRICT COURT BRIDGEPORT, CONN"; "FILED 2004 APR -5 P 05 U.S. DISTRICT COURT BRIDGEPORT, CONN"; "Motion denied for failure to state a good cause to defend. /s/ JMS 5/4/04"; "16 of 17"]

78/79

FILED
2004 APR -8 P 2: 45
U.S. DISTRICT COURT
BRIDGEPORT, CONN

The U.S. District Court,

915 Lafayette Blvd.,

BRIDGEPORT, CT 06604

DATE: 24th MARCH, 2004

BEN. GYASU Vs HTFD. INS. CO. OF ILLINOIS, ET AL

DOC. #: 3:02-CV-01615 (JCH)

## MOTION TO OPEN AND SET ASIDE JUDGEMENT AS VOID PURSUANT TO RULE 60(b)(4)

Pursuant to Rule 60(b)(4) which authorizes relief from void judgements, the plaintiff moves to Open And Set Aside the judgement on voidness grounds

1  Based upon the following it would clearly

FILED
2004 APR 13 P 4: 33
U.S. DISTRICT COURT
BRIDGEPORT, CONN