02cv1615 mot

FILED U.S. District Court,

2004 JUN 15 P 2:17

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

915 Lafayette Blvd.,

Bridgeport, CT 06604

Date: 24th May, 2004

BEN. GYABU Vs Hartford Ins. Co. Of Illinois
Plus
David Soja D/B/A CRC Services

Doc. #:

3: 02 - CV - 01615 (JCH)

## MOTION FOR CLARIFICATION

The plaintiff humbly moves for clarifi-
cation of the Courts action which denied
the Motion To Re-Consider

### BASIS FOR REQUEST

The Courts rulings which have been contrary
to prevailing facts have been very difficult

Page 2

for the plaintiff to understand and while these decisions leave the plaintiff constantly worrying about why he is repeatedly denied justice due him, leaving him at the mercy of the perpetrators of the alleged wrongful actions who continue their wrongful actions against the plaintiff for their gain, they also leave the plaintiff unable to make appropriate decisions and unable to know what to do whenever he is injured anew by those kinds of wrongful actions and does not know anywhere else he could turn to for a relief, except the courts. The plaintiff therefore

Page 3

requests on an urgent and critical basis

that the Court clarifies these decisions

FACTS

In denying the Motion To Re-Consider

the Court states:

The plaintiff sets

forth nothing new, either factual or legal

for the Court to Consider. No manifest injus-

tice results from denying this motion"

The plaintiff humbly requests on an urgent

basis the clarification of the decision based

upon the ff;

F(i) COURT'S REASONS FOR DENYING RE-CONSIDERATION DOES NOT SUPPORT

WHAT OCCURED AND THEREFORE VIOLATE DUE PROCESS CLAUSE OF

Page 4

THE FIFTH AMENDMENT AND HENCE VOID

The Court refused the filing of the NEW EVIDENCE, i.e. the filing of EXH(1) and EXH(2), and therefore DID NOT allow the filing of the CRITICAL EVIDENCE let alone allow its evaluation for re-consideration.

Please, see a copy of the Courts' endorsement order marked "74/75"

It follows therefore that for the Court to state that " the plaintiff sets forth nothing new, either factual or legal for the court to re-consider" after the same Court has refused even the filing of the new evidence let alone allow an evaluation of the NEW EVIDENCE

Page 5

and as a result deprived the pro se plaintiff

a chance to introduce the NEW EVIDENCE

while at the same time the Court states

that "the plaintiff sets forth nothing new,

either factual or legal for the court to

re-consider" and upon that denied the plain-

tiff his Motion For Re-consideration, the Court

has taken an action inconsistent with the due

Process clause of the Fifth Amendment and

therefore the court has denied the Motion To

Re consider by a VOID order and subjected the

pro se plaintiff to a VOID judgement. Please,

see 11 C. Wright & A. Miller, Fed. Practice and

## Page 6

Procedure Sec. 2862 (1973) 197-200 and cases
cited in.    Please, see Winhoven Vs United States
201 F. 2d 174, 175 (9th Cir, 1952)

The pro se plaintiff therefore finds
it extremely difficult to understand why at
the same time that the Court has refused to
allow the pro se plaintiff even a chance to
introduce the NEW EVIDENCE let alone
allow a chance for its evaluation for the
needed Re-Consideration or Review of the
Court's decision, a situation which would have
convinced the Court that there is, without a
doubt, the needed Diversity Jurisdiction to make

Page 7

the defendants stand trial for the alleged

wrongs, the court states that "the plaintiff

sets forth nothing new, either factual or legal

for the court to consider"

                           The plaintiff

should therefore be grateful if the court

clarifies the order which denied the Motion

To Re-Consider upon a reason which is

contrary to prevailing facts, as explained

above

F(2)  COURT DENIED MOTION TO STAY UPON A REASON WHOSE
SUPPORTING FACTS WERE NOT EVEN RECEIVED AT THE COURT

                          The plaintiff moved for a stay

Page 8

So that the Court could examine the NEW EVIDENCE, i.e· ExH(1) and ExH(2), which the plaintiff intended to submit to the Court

The plaintiff declared that the cause for seeking the Motion To Stay is elaborated in his Motion To Set Aside the judgement on Voidness grounds

The Court denied the Motion To Stay upon a reason that the plaintiff had failed "to state a good cause" when infact the Court had not even received the Motion To Set Aside upon which the court could determine whether or not the plaintiff

Page 9

had failed to state a good cause. Please,

see a copy of the endorsement order

As it would clearly be

discovered the Order that denied the Motion To

Stay was arbitrary, depriving the plaintiff a

due Process and subjecting him to injustices

whose effect leaves the perpetrators of the

alleged wrongful actions, to continue their
unprosecuted

wrongful actions against the plaintiff for their

gain.

F(3) The Court States: "The Plaintiff Sets Forth Nothing Legal For
The Court To Consider" Contrary To What The Plaintiff Provided
Under Subsection "B" Of The Motion To Re-consider

While

Page 10

the court states that the plaintiff sets forth

nothing legal for the court to consider and

denies the plaintiff the motion to consider

upon that reason, _the plaintiff did set forth_

_the legal basis for his motion to re-consider_ as

set forth under Sub-section "B" captioned:

"Deprivation Of Constitutional Restraints And

Procedural Due Process."

As it would again be

discovered the court's denial of the motion

for review was, again, _arbitrary_, subjecting

the plaintiff to, again, deprivation of due Process

and manifest injustices

Page 11

F(4) The Court States: "No Manifest Injustice Results From Denying This Motion" But If The Court Denies The Motion Arbitrary, In Violation Of Due Process Clause Of The Fifth Amendment And Hence In Violation Of Due Process Of Law, As Explained Above, Manifest Injustice Will, All The Same, Result From The Denial Of The Motion For Review

Even though the Court declares

that no manifest injustice results from

denying the motion for review, the alleged

arbitrary denial of the motion, in violation

of Due Process Of Law, leaving the plaintiff

to endure perpetually consequential Irrepa-

rable damages while leaving the perpetrators

of the alleged wrongs unprosecuted to continue

Page 12

the alleged wrongs against the plaintiff
and anybody in the plaintiff's situation, results
in <u>gross manifest injustice</u>


B.      Plaintiff Needs Clarification To Avoid Being
Subjected To Yet Another Repeatition Of The Cycle Of
What Plaintiff Perceives As Gross Manifest Injustices,
Wondering If He Had Funds To Hire An Attorney Or
If He Were Not A Pro Se Plaintiff, Without Any
law Degree, He Would Still Be Repeatedly Deprived
Justice Due Him And Be Even Sanctioned To Make Him
Appear A Nuissance To Complicate The Problems Of
Injustices Whose Effect Has left The Plaintiff Without

Page 13

## The Equal Protection Of Laws

the plaintiff does not want to find himself repeating once more, the cycle of gross injustices, wondering why at the face of prevailing facts in his favour, he should repeatedly be deprived the due justice

For example, under the plaintiff's previous action: BEN. GYASU Vs BELLA VISTA CONDOS — 3:-01-CV-02282 (JCH), this Court dismissed the action in gross violation of due Process and Equal Protection Of laws, subjecting the plaintiff (the plaintiff) to resultant

Page 15

same court that denied the IFP for the removal
stated that the plaintiff's IFP petition for the
removal of the action from the State court to the
~~State~~ federal Court was denied because the complaint
for the removal did not meet the standard for
removal but not because the plaintiff was not
indigent to be granted the IFP petition (c) the
same court that denied the IFP for the removal
granted the IFP for the appeal

Additionally while the court declares
that the action was not even commenced because
the IFP petition for the removal of the action

Page 16

was denied, under the caption: "Commencement Of Action" of the federal civil practice whose copy is enclosed for any reference that might be needed it is stated: "Complaint Filed With In Forma Pauperis Petition Constitutes Commencement Of Action."

The plaintiff moved for a review and stressed the point that Indigent litigants would be discriminated against if their Complaint filed With In Forma Pauperis Petition is considered not Commenced until the IFP is granted, implying even if the IFP is granted, the action is considered Commenced at the time

Page 17

the IFP is granted but not at the time
the Complaint was filed with the IFP
petition even though the Indigent litigant
does not have any control over when and how
the IFP would be granted after the litigant
files the Complaint along with an IFP petition

The plaintiff concluded that while
those who have funds to pay the filing fee get
their actions considered as commenced at the
time they pay the filing fee along with the filing
of the Complaint, the Indigent litigant who files
the Complaint along with an IFP petition does not

Page 18

get his action considered as filed at the time he files the complaint along with the IFP petition until at the time the IFP is granted and if the IFP is not granted then the action is considered as not commenced at all and therefse such a consideration would be discriminatory against the indigent litigants who do not have any control over how and when the IFP is granted or denied _after_ they filed the complaint along with an IFP petition

The court, however, denied the Motion for Re-consideration to follow the pattern of previous unfavourable rulings while leaving

Page 19

the perpetrators of the alleged wrongs unprosecuted
to continue the lawless acts against the
plaintiff

In the Court's ruling
dated the 15th May, 2002, the Court declared at
page 2 and 3 as ff:

First, the Court notes
that Gyadu's claim is premised on the conclusion
that his prior pleadings removed the state
foreclosure action to federal court, thereby
vitiating any state jurisdiction. States do
not lose jurisdiction until the defendant
files a notice of removal in federal court,
provides notice to all adverse parties, and

Page 20

files a copy of the notice with the State
Court. 28 U.S.C. Sec. 1446 (d). A notice
of removal is not filed in federal Court, however,
until the defendant pays the filing fee or
the Court grants the defendant's motion to
proceed in forma pauperis. Since Gyadu
did not pay the filing fee and the Magistrate
Judge denied his in forma pauperis motion,
Gyadu never satisfied the requirements to
remove the State fore-closure action to
federal Court

Accordingly, the State Court

retained jurisdiction throughout the pendency

Page 21

of the state action."

As it would clearly be discovered the basis upon which the court dismissed that action DOES NOT conform with the Rules of Civil Procedure as provided under the enclosed copy of the federal civil procedure and it is equally discriminatory. The Rule states:

"The filing of a Complaint along with an in forma pauperis petition constitutes Commencement of the action under Rule 3"

Hence the removal of the action was commenced upon the filing of the Complaint along with the IFP petition, contrary to the

Page 22

basis upon which the Court dismissed that

action

And worse yet as much as

the Court declared that:

" the State Court

retained jurisdiction throughout the pendency

of the State action" the State Court DID NOT

Please, see a copy of the Mandate of

the decision of the appeal dated the 18th Apr,

2002 by which jurisdiction was returned to

the District Court

This makes it abundantly

clear that the federal Court had jurisdiction

of the action but not the State Court as this

Page 23

Court declared in that action .

As a result of that ruling the plaintiff has lost his home to a hoax fore-closure action by a Condominium management which was not even doing the duties required of management and he is now homeless, a vagabond, after using his hard earned savings to secure that home

The plaintiff can go through endless list of such rulings he has been subjected to constantly at the federal Court where he thought, unlike the State Court, justice would be rendered when it is due.

Page 24

## CONCLUSION

Based upon all the above the plaintiff prays the Court would clarify the decision so that the plaintiff would, at least, under-stand why the Court has refused even the filing of the NEW EVIDENCE, i.e. EXH(1) & EXH(2), let alone the evaluation of this NEW EVIDENCE which show beyond any doubt that there is the Diversity Jurisdiction of the action to make the defendants stand trial of the alleged wrongs, and yet the court states that :  " The plaintiff sets forth nothing new,

Page 25

either factual or legal for the Court to Consider"

This is not to mention the fact

that while the Court states:
"The plaintiff sets

forth nothing legal for the Court to Consider", the

plaintiff *thought he* did just that at page 5 of the Motion To

Re-Consider under sub-heading "B";
"Deprivation

Of Constitutional Restraints And Procedural Due

Process"

Respectfully Submitted

Ben - Gyadu,
P. O. Box 4314,
Waterbury, Ct 06704

CERTIFICATION

This is to certify that a copy of the fore-going was mailed to the ff:

(a)  The Law Office of Lagnese, Tedford, Neal

21 Oak Str. , 7th Floor ,

Hartford , CT 06106


(b)  Attorney Paul Pollock,

10 Middle Str.

Bridgeport , CT 06604

Sincerely,

Ben. Gyadu ,

P.O. Box 4314

Waterbury, CT 06704

APPENDIX

TABLE OF APPENDIX

PAGE

COPY OF FED. RULES-COMMENCEMENT
OF ACTION — EXH(7)                    1

COPY OF DECISION OF APPEAL
STAMPED MANDATE SHOWING              2
FED JURISDICTION WHILE THIS COURT
STATED THERE WAS NO FED. JURISDICT-
ION AND THAT ACTION WAS NOT REMOVED

COPY OF ORDER DENYING MOTION
TO RE-CONSIDER—1                      3

ENDORSEMENT ORDER DENYING
REQUEST TO FILE NEW EVIDENCE
MARKED 74/75                          4

ORDER DENYING MOTION TO OPEN         5

COPY OF MOTION TO RE-CONSIDER        6

COPY OF MOTION TO OPEN               7

EXH(Y)

commenced by the filing of a complaint, even if the filing fees are not paid to the clerk at the time of the filing.[22]

## [7]—Complaint Filed With In Forma Pauperis Petition Constitutes Commencement of Action

A pro se plaintiff who cannot afford to pay court costs and fees may commence an action without paying costs and fees. These actions, called actions *in forma pauperis,* from the Latin "in the character of a pauper," or "poor person," may proceed only by permission of the court. Forma pauperis actions are authorized by statute.[23]

The filing of a complaint along with an in forma pauperis petition constitutes commencement of the action under Rule 3.[24] For example, in *Stephenson v. CNA Fin. Corp.,*[25] the defendant maintained that the action was barred by the statute of limitations because the applicable limitations period had expired prior to the date on which the court granted the plaintiff's in forma pauperis petition. The court rejected the defendant's argument, holding that the action was deemed to

---

[22] **Action commenced without payment of fees.** *See* Rogers ex rel. Jones v. Bowen, 790 F.2d 1550, 1552 (11th Cir. 1986) (action for judicial review of decision denying child insurance benefits commenced by filing regardless of untimely payment of required filing fee).

| | |
|---|---|
| 4th Circuit | *See* Wells v. Apfel, 103 F. Supp. 2d 893, 895-899 (W.D. Va. 2000) (civil action was commenced when first filed, even though filing fee was not paid until later time; absent local rule or standing order requiring advance payment of filing fees, there was no legal authority for elevating payment of filing fee to jurisdictional requirement). |
| 7th Circuit | *See* Johnson v. Brown, 803 F. Supp. 1414, 1418-1419 (N.D. Ind. 1992) (racial discrimination action commenced when complaint filed, even though filing fee not paid until two weeks later). |
| 11th Circuit | *See* Rogers ex rel. Jones v. Bowen, 790 F.2d 1550, 1552 (11th Cir. 1986) (action for judicial review of decision denying child insurance benefits commenced by filing regardless of untimely payment of required filing fee). |

[23] 28 U.S.C. § 1915(a), the statutory authorization for in forma pauperis actions, provides, in pertinent part:

Subject to subsection (b), any court of the United States may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [*sic*] possesses [*and*] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

[24] *See* 28 U.S.C. § 1915.

[25] Stephenson v. CNA Fin. Corp., 777 F. Supp. 596, 598-599 (N.D. Ill. 1991).

(Matthew Bender & Co., Inc.)                                    (Rel.130–6/01  Pub.410)

MANDATE  ~~Ex#(6)~~

# United States Court of Appeals
## FOR THE
## SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 18th day of April two thousand and two,

Present:

Hon. James L. Oakes,
Hon. Dennis Jacobs,
Hon. Guido Calabresi,

*Circuit Judges.*

---

Bella Vista Condos,

            Plaintiff-Appellee,

    v.

Benjamin F. Gyadu,

            Respondent-Appellant.

                                  01-7855

---

Appellant has filed, *pro se,* motions seeking appointment of counsel and to consolidate his appeals. Upon due consideration, it is hereby ORDERED that the motion for appointment of counsel is denied because appellant has not made a showing of likely merit, *see* Cooper v. A. Sargenti Co., 877 F.2d 170, 172-74 (2d Cir. 1989), and it is FURTHER ORDERED that the appeal is dismissed because the appeal lacks an arguable basis in fact or law. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989); 28 U.S.C. § 1915(e)(2). It is FURTHER ORDERED that appellant's motion to consolidate appeals is denied as moot because both appeals, from the orders in the district court actions docketed in the court under 01mc-123 and 01mc-366, were docketed in this Court under 01-7855.

On December 10, 1999, this Court issued a leave-to-file sanction order against appellant. *See* Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591-92 (2d Cir. 1999). While such order did not apply to appeals filed by appellant "from a judgment rendered against [appellant] as a defendant," it is ORDERED that such leave-to-file sanction order is hereby amended to apply to any appeal filed, after the date of issuance of this order, in this Court where appellant initiated the federal court action. The leave-to-file sanction order therefore applies, but is not limited, to actions where, as here, appellant has initiated the federal court action by removing to a federal court a state court action in which he is a named defendant. In all other respects, the December 10, 1999 leave-to-file sanction order shall

remain unchanged and in full force.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *Lucille Carr*

APR 18 2002

USCA Order 3

**FILED**

2004 MAY 12 P 3: 05

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

U.S. DISTRICT COURT
BRIDGEPORT, CONN

BEN GYADU                          :
    Plaintiff                  :
                         :     CIVIL ACTION NO.
v.                                 :     3-02-cv-1615 (JCH)
                         :
HARTFORD INS. CO. OF               :     MAY 12, 2004
ILLINOIS, ET AL                    :

### ENDORSEMENT ORDER [Dkt. No. 83]

Motion denied.  The plaintiff sets forth nothing new, either factual or legal, for the

court to consider.  No manifest injustice results from denying this motion.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 12th day of May, 2004.

Janet C. Hall
United States District Judge