74/75

The U.S. District Court,

Bridgeport, CT 06604

Date: 10th Febr., 2004

Doc #: 3:02-CV-01615 (JCH)

BEN. GYABU Vs HTFD. INS. Co. of Illinois, ET AL.

REQUEST TO FILE EXH(1) & EXH(2) THAT WERE
SUPPOSED TO ACCOMPANY THE MOTION FOR
REVIEW DATED THE 5TH FEBR. 2004, BUT WERE
UNKNOWINGLY NOT ATTACHED TO THE MOTION BEFORE
MAILING IT TO THE COURT

Plaintiff has just discovered
that he might not have attached the referen-
ced ExH(1) and ExH(2) critical to the
Motion for Review/Reconsideration dated the 5th Febr,
2004, before mailing it to the Court. The

78
79

FILED

2004 APR -8 P 2: 15

U.S. DISTRICT COURT
BRIDGEPORT, CONN

915 Lafayette Blvd.,

BRIDGEPORT, CT 06604

DATE: 24th MARCH, 2004

BEN. GYASU Vs HTFD. INS. CO. OF ILLINOIS, Et Al.
DOC. #: 3: 02 - CV - 01615 ( JCH )

MOTION TO OPEN AND SET ASIDE JUDGE-
MENT AS VOID PURSUANT TO RULE 60(b)(4)

Pursuant to Rule 60(b)(4)

which authorizes relief from void judgements,

the plaintiff moves to Open And Set Aside

the judgement on voidness grounds

Based upon the following it would clearly

The District Court Of CT,

915 Lafayette Blvd.,

Bridgeport, CT 06604

Date: 21st Apr, 2004.

Doc.#: 3:02-CV-01615 (JCH)

BEN. GYASI Vs HTFD. INS. Co. OF ILLINOIS, ET AL.

## MOTION TO RE-CONSIDER

The plaintiff moves for a re-consideration of the order which denied the Motion To Set Aside the judgement on Voidness grounds pursuant to Rule 60(b)(4)

## BASIS FOR RE-CONSIDERATION

In denying the plaintiff's previous motions for re-consideration/review

Page 2

this Court has been holding that the motions
do not meet the standard for granting
motions for Re-Consideration/Review as
set forth by the 2nd Circuit under the Case
Law United States Vs Sanchez, 35 F. 3d
673, 677 (2nd Cir, 1994)

      The Court then concludes with a
quote from the Case Law Shrader Vs. CSX
Transp., Inc., 70 F. 3d 255 (2nd Cir, 1995) at
257 stating that a motion to re-consider
"should not be granted where the moving
party seeks solely to relitigate an issue

## Page 3

already decided". The plaintiff has

enclosed a copy of one of such decisions

for any reference that might be needed

FACTS

A                    As a result of the

Courts action by which the court denied

the plaintiff's "Motion For A Stay" "for

failure to state a good cause" when infact

the Motion To Set Aside, upon which the

court could determine whether or not the

plaintiff had failed to state a good cause,

had not even been recieved at the court for

the court to make that determination, the

Page 4

Court's denial of the Motion to Set Aside Judgement on Voidness grounds fails to consider the <u>Critical new evidence</u> and thereby leaves the VOID judgement against the pro se plaintiff, depriving the indigent, pro se plaintiff a true Process and Equal Protection Of Laws to cause him to suffer Consequential Irreparable Damages while leaving the perpetrators of those alleged wrongs to continue to ruin innocent people's lifes for their gain

As it would clearly be discovered,

Page 5

it is not only that the Court is yet to

review the alleged NEW EVIDENCE

which proves that there is the needed

diversity Jurisdiction but the critical

issue has not been decided

The plaintiff therefore does not

seek to relitigate any issue that has already

been decided nor does he seek the Court

to review or examine a NEW EVIDENCE when

none exist

B/ DEPRIVATION OF CONSTITUTIONAL RESTRAINTS & PROCEDURAL DUE PROCESS
Further, these exist a need for the Court

to review its action by which the plaintiff

Page 6

has been made to suffer the loss of his

Workers' Compensation income and thus a

loss of his only means for his basic

subsistence without any Constitutional

restraints nor procedural due process

as set forth by the U.S. Supreme Court

under Goldberg vs Kelly, 90 S. Ct 1011 (1970)

The Court holds the ff:

(i)    "Relevant Constitutional restraints

apply to withdrawal of public assistance

benefits"

(ii) "Extent to which procedural due process must

*Page 7*

be afforded welfare recipient is influenced

by extent to which he may be condemned

to suffer grievous loss and depends on

whether recipients interest in avoiding that

loss out weighs governmental interest in

summary adjudication "

c. A NEED TO PREVENT MANIFEST INJUSTICE

According to this Courts previous

rulings about a standard for granting a

Motion for Review, a need to prevent manifest

injustice is one of the considerations for

granting a motion for review/re consideration

Page 8

It follows therefore that for as long as there exist a diversity Jurisdiction to make the defendants stand trial for the alleged wrongs, as it would be discovered from the enclosed EXH(1) and EXH(2), the plaintiff would be subjected to grievous MANIFEST INJUSTICE, if the judgement of lack of diversity Jurisdiction is not reversed to prosecute the defendants and plaintiff is left to suffer its on-going consequential irreparable damages due to (i) lack of funds to meet even the basic subsistence and

(9)

(ii) the effect of the on-going sanctions which, in effect, deprive the pro se plaintiff an access to the Courts and a fair treatment before the laws, causing potential attorneys, whom the pro se plaintiff had contacted to take his actions, to refuse to take the plaintiff's actions

the motion for review must therefore be granted as there exist a need to prevent manifest injustice

## CONCLUSION

1. EXH(1) states:

(a)                    Hartford Insurance Company

of Illinois, as the name may suggest, was

"Organized under the Laws of

Illinois"

Hartford Insurance Co.

Of Illinois was "organized under the

laws Of Illinois" Emphasis added.

6)    Statutory Home Office:

4245 Meridan.

Parkway, Aurora, Illinois  60504

II    ExH (2) States:

Hartford Insurance Co. Of

"Incorporated in Illinois on November 5, 1979. Ce

Ced operations on January 1, 1980."    Hartf

<u>Page 11</u>

Insurance Co. of Illinois was "Incorporated

in Illinois on November 5, 1979." Emphasis

added

As it would, without

any doubt whatsoever, EXH(1) and EXH(2)

make it abundantly clear that there

exist a Diversity Jurisdiction for the

Court to prosecute the action

Further, the Court granted the 1st defendants

Exceedingly out of Time, Motion To Dismiss.

In considering all the facts as

put forth, the plaintiff prays the

Motion for Re-consideration/Review would

be granted so that the defendants would

Page 12

be made to stand trial for the alleged

wrongs to stop the on-going cycle of

Injustices against the pro se, indigent

plaintiff.

Respectfully Submitted.

Ben. Gyodu

P. O. BOX 4314

Waterbury, Ct 06704

The U.S. District Court,

915 Lafayette Blvd.,

BRIDGEPORT, CT 06604

DATE: 24th MARCH, 2004

BEN. GYABU Vs HTFD. INS. CO. OF ILLINOIS, Et.AL
DOC. #: 3:02-CV-01615 (JCH)

## MOTION TO OPEN AND SET ASIDE JUDGE-MENT AS VOID PURSUANT TO RULE 60(b)(4)

Pursuant to Rule 60(b)(4)

which authorizes relief from void judgements,

the plaintiff moves to Open And Set Aside

the judgement on voidness grounds

1

Based upon the following it would clearly

Page 2

be discovered that the Court's action upon which judgement was entered against the pro se plaintiff is inconsistent with the Due Process Of Law

Hence the judgement is Void and must be Set Aside accordingly to prevent the eminent Consequential damages, Irreparable or Otherwise, upon the plaintiffs life.

FACTS:

F(1)    The Court ruled against the pro se plaintiff based upon lack of Diversity Jurisdiction

F(2)    The plaintiff moved for a Re-Consideration

to provide the Court with an. Evidence, EXH(1)&
ExH(2), that proved beyond any doubt that
there was the needed diversity Jurisdiction
to make the defendants Stand trial for the ...
alleged wrongs against the plaintiff

F(3)                    The plaintiff mailed the papers
for Review/Re-consideration without realising
that he did not enclose copies of the documents,
ExH(1) & EXH(2), that prove that there was
the diversity Jurisdiction

F(4) When the plaintiff discovered later that he
unknowingly did not enclose the critical documents,

Page 4

EXH(1) & EXH(2), with his motion for the Courts evaluation, the plaintiff moved to request that he files those critical documents that were not enclosed with the Motion For Review

F(5)  EXH(1) states that

Hartford Insurance Co. of Illinois, as the name may suggest, was "organised under the Laws Of Illinois"

Hartford Insurance Co. of Illinois was "Organised under the Laws Of Illinois"

EMPHASIS Added

Hence the defendant Of plaintiff's Action is an out of State Company and

therefore the Court has the needed diversity

Jurisdiction

F(6)  EXH(2) states :

       Hartford Ins. Co. of Illinois

was "incorporated in Illinois on November 5,

1979. Commenced operations on January 1, 1980"

       EXH(2) makes it abundantly clear

that for the defendant, Hartford Ins. Co.

of Illinois, to be organised under the

Laws of Illinois and further to be incorpo-

rated in Illinois, the defendant, Htfd Ins Co of Illinois,

is an out of State Company

       Hence the district

Page 6

Court has the needed diversity jurisdiction

F(7)   The Court denied the Motion for Review/Re-con-
sideration as expected stating: "There is no
basis to re-consider." This ruling was expected
as the critical documents, i.e., EXH(1) and EXH(2),
were not enclosed with the motion for review.


F(8) The Court denied as well the plaintiff's request
to file ExH(1) and EXH(2) which were critical
to the Motion for Review      The plaintiff was not
expecting in any way, that the Court would refuse

Page 7

the filing of those two documents as they were
critical to the Motion for Review/Re-Consideration

the plaintiff was therefore dumb-
founded and shocked to realize that the Court
has entered a ruling of lack of diversity jurisdic-
tion, that leaves the defendants unprosecuted
to continue the alleged wrongs against the
plaintiff and anybody in the plaintiff's situa-
tion, when infact there was the needed
diversity Jurisdiction but the Courts action has
prevented any evaluation of those documents that
prove beyond any reasonable doubt that there

Page 8

exist the needed diversity Jurisdiction

F(9)  The Court denied also the plaintiff's Motion

To Open without any Memorandum of

decision, leaving the plaintiff wondering why

at the face of all the facts that warrant

the re-opening of the case, the Court should

still deny the motion.

G.

SUBJECTION OF PLAINTIFF TO A VOID JUDGEMENT

Under 11 C. Wright & A. Miller, Fed. Practice

and Procedure Sec. 2862 at 197 (1973), it is held that

If a judgement is void, a motion to set it

aside, may be brought at any time " Please,

see also cases cited in

                    "

            A judgement is not void

merely because it is errorneous. It is void

only if the Court that rendered judgement

lacked jurisdiction of the subject matter or of

the parties, or if the Court acted in a manner

inconsistent with due process of law " 11 C.

Wright & A. Miller, Fed. Practice & Procedure Sec.

2862 at 198 - 200 (1973)

            This Court has denied all the

plaintiff's previous motions for re-consideration

Page 11

diversity Jurisdiction to make the defendant stand trial of the alleged wrongs and thus entered a judgement that was based upon lack of diversity Jurisdiction when there was the diversity Juris-diction but the Court refused to consider the Evidence, is INCONSISTENT with the Due Process Of law and it equally subjects the plaintiff to an arbitrary judgement, in violation of NOT ONLY due Process but Equal Protection Of laws

Hence the judgement is VOID and must be set aside accordingly, pursuant to Fed. R. Civ. P. 60(b)(4). Please, see Winhoven Vs.

Page 12

United States, 201 F. 2d 174, 175 (9th Cir. 1952)

where the Court held:

A judgement may be set

Aside on Voidness grounds under Rule 60(b)(4)

for a violation of the due process clause of

the Fifth Amendment

The Court's judgement, as alleged,

is not only in violation of the due Process Of

law but the judgement equally deprives the

pro se plaintiff the Equal Protection Of Laws

and must therefore be Set Aside on Voidness

grounds to allow justice to take its course

and prevent its resultant Manifest Injustice

APPENDIX



# ANNUAL STATEMENT
### For the Year Ended December 31, 2002
of the Condition and Affairs of the

# HARTFORD INSURANCE COMPANY OF ILLINOIS

NAIC Group Code..... 0091,     0091                 NAIC Company Code..... 38288              Employer's ID Number..... 06-1010609
                    (Current Period) (Prior Period)

Organized under the Laws of Illinois                                    State of Domicile or Port of Entry  Illinois

Country of Domicile    US

Incorporated..... November 5, 1979                                      Commenced Business..... January 1, 1980

Statutory Home Office                    4245 Meridian Parkway..... Aurora ..... IL ..... 60504
                                         (Street and Number)      (City or Town, State and Zip Code)

Main Administrative Office               Hartford Plaza..... Hartford ..... CT ..... 06115-0000
                                         (Street and Number)     (City or Town, State and Zip Code)

Mail Address                             Hartford Plaza..... Hartford ..... CT ..... 06115-0000       860-547-5000
                                         (Street and Number or P. O. Box)   (City or Town, State and Zip Code)   (Area Code) (Telephone Number)

Primary Location of Books and Records    4245 Meridian Parkway..... Aurora ..... IL ..... 60504
                                         (Street and Number)      (City or Town, State and Zip Code)            630-692-8657
Internet Website Address                 www.thehartford.com                                          (Area Code) (Telephone Number)
Statement Contact                        David P. Halper
                                         (Name)                                                        630-692-8657
                                         statement.questions@thehartford.com                          (Area Code) (Telephone Number) (Extension)
                                         (E-Mail Address)                                              860-547-3622
                                                                                                       (Fax Number)
Policyowner Relations Contact            Hartford Plaza..... Hartford ..... CT ..... 06115-0000        860-547-4707
                                         (Street and Number)     (City or Town, State and Zip Code)    (Area Code) (Telephone Number) (Extension)

## OFFICERS

President ..... David Kenneth Zwiener        Treasurer ..... John Nicholas Giamalis  #        Secretary ..... Brian Stuart Becker  #

### VICE PRESIDENTS

| | | | |
|---|---|---|---|
| Judith Ann Blades  # | Fredrick Henry Eppinger  # | Joseph Zigmund Gauches | Calvin  Hudson |
| James Paul Kennedy | David Richard Robb | Raymond James Sprague | Neal Stephen Wolin |
| David Harold Annis | Ann Boucher Glover  # | Randall Irwin Kiviat | David Mark Znamierowski |
| Brian Stuart Becker  # | Michael John Dury | John Nicholas Giamalis | Richard William Pafczynski |
| Robert Jennings Price  # | | | |

### DIRECTORS OR TRUSTEES

| | | | |
|---|---|---|---|
| Ramani  Ayer | Randolph Amory Dalton | Timothy  Galvin III | David Philip Halper |
| Donald Joseph LaValley | Carol Diane Murphy | Neal Stephen Wolin | David Mark Znamierowski |
| David Kenneth Zwiener | | | |

State of.......    Connecticut
County of.....    , Hartford

The officers of this reporting entity being duly sworn, each depose and say that they are the described officers of said reporting entity, and that on the reporting period stated above, all of the herein described assets were the absolute property of the said reporting entity, free and clear from any liens or claims thereon, except as herein stated, and that this statement, together with related exhibits, schedules and explanations therein contained, annexed or referred to, is a full and true statement of all the assets and liabilities and of the condition and affairs of the said reporting entity as of the reporting period stated above, and of its income and deductions therefrom for the period ended, and have been completed in accordance with the NAIC Annual Statement Instructions and Accounting Practices and Procedures manual except to the extent that: (1) state law may differ; or, (2) that state rules or regulations require differences in reporting not related to accounting practices and procedures, according to the best of their information, knowledge and belief, respectively.

| (Signature) | (Signature) | (Signature) |
|---|---|---|
| David Kenneth Zwiener | Brian Stuart Becker | John Nicholas Giamalis |
| (Printed Name) | (Printed Name) | (Printed Name) |
| President | Secretary | Treasurer |

Subscribed and sworn to before me this

.............day of ............................................................., 2003

a. Is this an original filing?    Yes [ X ]    No  [   ]

b. If no:    1. State the amendment number
             2. Date filed.....

3. Number of pages attached.....

**MERGENT** Online

Wednesday, November 26, 2003

PROFILE | ADMINISTRATION | CONTACT US
HELP

MERGENT

Home: | Basic Search: | Search Results: | Company Details

# Hartford Insurance Company of Illinois

| Company Details | Company Financials | Create Reports | EDGAR | News | Annual Reports | Research | Portraits | T

Synopsis | Highlights | **History** | Joint
Ventures | Business | Property | Subsidiaries | Long Term
Debt | Executives | Capital Stock

## History

Incorporated in Illinois on November 5, 1979. Commenced operations on
January 1, 1980.

COPYRIGHT © 2003 MERGENT | PRIVACY POLICY | FEEDBACK

Dkt. No. 87 DENIED.  The plaintiff seeks reconsideration of the court's ruling [Dkt. No. 85] in which it denied the plaintiff's Motion to Re-open and Vacate the Lack of Diversity Jurisdiction Dismissal Ruling [Dkt. No. 84].  The Second Circuit has stated that reconsideration is appropriate only under certain conditions:  an intervening change in controlling law, new evidence, or the need to correct a clear error of law or to prevent manifest injustice.  United States v. Sanchez, 35 F.3d 673, 677 (2d Cir.1994).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995).  A motion to reconsider "should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. at 257.  In this case, the plaintiff has not pointed to any new law, new facts, or other matters overlooked by the court in its previous ruling.  Further, the plaintiff makes identical arguments to those previously made and rejected.  The plaintiff's motion for a re-consideration [Dkt. No. 87] is therefore denied.  SO ORDERED.

DATE: *August 22, 2001*

FILED

JUN The U.S. District Court

CLERK
U.S. DISTRICT COURT
BRIDGEPORT, CONN. 4 56 PM '01

Bridgeport, Conn. 06604

Date : 29th May, 2001.

Doc. # : 3:96-CV-006-58 (JCH)

## MOTION FOR A RE-CONSIDERATION

The plaintiff moves for an urgent and critical re-consideration of the court's order which denied the plaintiff's "Motion To Re-open And Vacate The Lack Of Diversity Jurisdiction Ruling".

In that way the Court could evaluate critically the plaintiff's argument and correct any possible clear error of law or prevent any manifest injustice which would otherwise occur,